Judge Ewing
delivered the Opinion of the Court.
On the 30th of August, 1824, William Karr, the second, was appointed administrator, with the will annexed, of William Karr,, the first, in the room of Robert A. Sturgis, deceased. And on the 6th day of December, 1827, he was appointed the guardian of William Karr, junior, orphan of the first William Karr.
, Upon the application of William Karr, junior, to the commissioners of accounts, for a settlement of the ac- ‘ counts of his guardian, the commissioners made a settle-’ ment, and reported the result thereof to the County Court, at their August term, 1836.
Thomas M. Karr, the administrator of William Karr, the second, deceased, with whom the settlement was made, appeared, and filed exceptions to the report. At a subsequent term, the exceptions were considered, and overruled by the Court, and the settlement and report examined and approved, and ordered to record.
Thomas M. Karr excepted to the opinion of the Court, and the whole of the vouchers and evidence be *4 ing spread on the record, he has brought the case to this Court.
Commissioners of accounts are required, by the act providing for their appointment, to keep & file all vouchers, and other written evidence,submitted to them — They are authorized to interrogate any executor, administrator, or guardian, upon oath,to discover facts material to a settlement — committing the substance of his statement to writing which; with all the rest of the proof, they are to return, with their report, to the county court.
Tho’ a county court may hear parol evidence lor, or against, any item of an account, the better practice is, to require that it shall all be taken down, and reported, by the commissioners. Charges against the guardian not supported by the proof in this record.
The act of 1834, (1 Slat. Law, 510,) after providing for the appointment of standing commissioners for the settlement of the accounts of guardians, &c. and prescribing their powers — in the second section — declares, that “ they shall carefully keep and file all vouchers and “ other written evidence submitted to them; and when “ they hear parol proof, they shall reduce the substance “ thereof to writing, and return the same with the vouchers,” &c.
And the seventh section declares, that “ said commis- “ sioners shall have the right to interrogate any executor, administrator, or guardian, upon oath, in order to “ to make him or them disclose any fact material to the “ true and equitable settlement of their accounts, and “ shall reduce the substance of their statements to writ- “ ing, and file it with the papers.”
From these provisions, it is clear, that it is made tho commissioners’ duty to take down and preserve tho substance of all parol evidence heard by them, as well as all facts disclosed by the fiduciary, and report the same, together with all written evidence and vouchers, to the County Court.
This was deemed necessary, as well to enable the County .Court to revise the settlement, upon the facts reported, as to enable all persons interested, by looking into the accounts at any future period, to ascertain the evidence upon which each item had been allowed, and the entire basis upon which the whole settlement was predicated.
Though it might be competent for the County Court to hear parol or other proof against, or in support of, any item in the accounts, it would certainly be better, as a rule of practice, as well as comport better with the beneficial objects of tho law, to require the substance of the evidence in all cases, sustaining each item of the account, to be taken down by the commissioners, and made to accompany the report.
In the case under consideration, the evidence reported by the commissioners is certified by the Court to be the whole evidence heard in the case. That evidence *5 is wholly insufficient to sustain many of the charges made against the guardian.
An adm'r is not liable lor interest on tbe funds in bis bands, without evidence tlmt be made interest, or profit, upon them.
It is tbe duty of a guardian to make tho ward’s funds productive; and he is chargeable with interest on all tbe funds in bis possession — a reasonable tuno for investing them being allowed.
Where tbe same person is ex’or or administrator, and guardian of a distributee, and makes no settlement, or election, showing in which capacity be bolds tbe funds, be shall be presumed, after a reasonable time for settling the estate has elapsed to hold them — or at least the portion not necessary for the payment of debts, as guardian: for it would be his duty as guardian, if another was ádministiator, to coorce a settlement, obtain the ward’s estate, and make it productive. -
There is no evidence proving, or conducing to prove, some five or six of the first items of charges against him, amounting to some three or four thousand dollars, and being much the largest amount of his debits.
Nor is there any satisfactory proof in the record,sustaining the debits against him, for the hire of Sukey, nor for the hire of Felix and Stanard, for two years, over and above that reported by the administrator of the guardian. It is not necessary to notice other items. It may be, and doubtless was the case, that evidence of some sort was heard by the commissioners to justify those charges. But it does not appear in the record. Nor does it appear, by the production of the will or otherwise, that the ward was entitled to one third of the estate, nor what part he was entitled to.
It also appears that the guardian has been charged with interest on the funds which came to his hands for the hire of slaves, and from other sources, while he was administrator, and before he was appointed guardian; *and there is no evidence exhibited that he used the funds, loaned them out, or made any profit out of them; and unless there were some evidence conducing to show that he has done so, he is not chargeable with interest while he was in the discharge of the duties of administrator only. But as it is the duty of a guardian to loan out the funds of his ward, or so manage them as to turn them to the most profitable account, he, as guardian, is chargeable with interest upon all the funds of his ward that come to his hands, whether from rents, slave hire, or other sources — to commence running after a reasonable time had elapsed, to enable him to invest them— that time to be judged of by the commissioners and court, according to the times and circumstances.
And though it does not appear that the decedent made any distinct election to hold the funds as guar *6 dian, as a sufficient time had intervened after his appointment as administrator, and before his appointment as guardian, to have enabled him to settle up the estate, in the absence of any proof to 'the contrary, as between him and his ward, it should be presumed that he held them in the latter character. If they had been in the hands of another as administrator, it would have been his duty to have coerced a settlement of the estate, so soon as the debts were paid, and to have received his ward’s portion, and invested it for his benefit. And as he himself was the administrator, and the funds in his own hands, they should be treated as held by him as guardian, as most beneficial for his ward, so soon as ho took upon himself the latter character. At least such portion of them as might not have been deemed necessary to be retained for the payment of debts, should bo considered as so held.
A guardian is chargeable with interest, notonly on the principal, but on the interest received by him, and not appropriated to the support and education of the ward. And— Periodical rests aro to be adopted, for compounding the interest, move or loss frequent according to the circumstances of the case. In this country, in general, there should be a rest about every two years.
It appears, also, from the record, that no compensation has been allowed him for his services as administrator. If none has heretofore been allowed him, he should in this, settlement, be made an allowance for those services.
But as the case must be remanded, it will be proper to notice an error that has been committed to the prejudice of the ward. No rests have been observed; but interest has been calculated upon the principal, only, up to the time of the settlement.
The guardian is not only chargeable with 'interest upon the principal, but also with interest upon that portion of the interest, which has come to his hands and has not been expended in the support of his ward. Periodical rests should be taken, to he regulated as to timo, in each particular case, according to circumstances and times, and promptness in collections by the guardian, and the profitable uses which has been made of the funds. In commercial countries, where promptness and punctuality in payments are observed, one year is generally the period allowed. But in a country like this, where the same scrupulous exactness is not observed, in ordinary cases, where there is no fraud or intentional delinquency, periodical rests, of about two years, should *7 be allowed, at the end of which periods the interest should be made principal, and the aggregate carry interest.
From the proof now in the record, there being no peculiar circumstances attending this case, we would think that the rests should be two years. When disbursements have b§en made, for the support and education of the ward, let those disbursements, when made, be deducted from the interest and profits of the estate, if there be any in hand, and if none, then the interest be calculated thereon up to the expiration of the first succeeding rest, and then deducted. And if the amount shall exceed the interest and profits, (as more than that cannot be consumed for the ward’s support,) let the interest be calculated upon the residue, up to the next rest, and then deducted,' and so on up to the time of the final settlement.
The order of the County Court is reversed,- and cause remanded, that the report of the commissioners may be quashed, and the case recommitted; and -the appellant is entitled to his costs in this Court.