Scott, judge,
delivered the opinion of tile court.
The facts.of the case abundantly show that the executor,, as such, had' no further use for the money in his hands. Then the duty of paying it over must have arisen. The obligation of paying money, and the duty of receiving it, uniting in the same person, no suit could be brought in the event of an omission to pay. At common law, where such a state of tilings is produced'by the act of the creditor, (lie debt is extinguished, as there is no means of enforcing its payment- The character of creditor and debtor being here united by the act of the law or its agents, an extinguishment cannot take place ; but as no suit can be brought, the law will eo insiavti the money becomes payable transfer it from one character to the other. The authorities sustain the correctness of these view's. In the case of Watkins vs. State, 2 Gill, and John, it was held that where a sole executor sustained the twofold character of executor and guardian,, the law will adjudge the ward’s proportion of the property in his hands to be in his hands in the capacity of guardian, after the time limited by law for the settlement of the estate, whether a final account *367 •has been passed by the orphans court or not. So in the case of Karr vs. Karr, 6 Dana 3, the court held that where the same person is executor and guardian of a distributee, and makes no settlement, or election -showing in what capacity he held the funds, he shall be presumed after •a reasonable time for settling the estate has elapsed, to hold them, or, at least the portion not necessary for the payment of debts, as guardian. To the same effect is the case of administrator of Johnson vs. executors of Johnson, 2 Hill, S. C., 285, in which it was maintained that when from ■the facts an executor who was also guardian, might be charged with the •receipt of moneys either as executor or guardian, he must account in the -latter character ; for whatever funds he had in his hands as executor, were by operation of law transferred to him as guardian.
The other judges concurring, the judgment of the court below will •be affirmed-.