THOMAS CROSBY, late Guardian, *vs.* WILLIAM R. MERRIAM, Administrator.

December 29, 1883.

**Guardian—Liability for Neglecting to Invest.**—A guardian neglecting to invest the money of his ward which remained in his hands unproductive many years, is chargeable with interest upon the same, after the lapse of a reasonable time for making investments, (six months,) at the legal rate, his neglect being unexcused.

The fact that the ward had disappeared, and had not been heard from for many years, is no excuse.

Crosby was guardian of one Illingworth, a minor, of whom Merriam is administrator. In 1872, Crosby received $950 belonging to his ward. In August, 1882, he filed his account, charging himself with that sum as having always remained in his hands without increase or profit. Merriam, as administrator, asked that the guardian be charged with interest. Illingworth had disappeared before Crosby's appointment as guardian, and no application was ever made for leave to invest the money. The probate court charged the guardian with interest from the date of receipt of the money. On appeal to the district court for Ramsey county, on questions of law, this judgment was modified by *Brill,* J., and judgment ordered for the administrator for the sum received, with interest after six months from its receipt, that being deemed a reasonable time to be allowed the guardian to make the investment. From the decision and order of the district court the guardian appealed.

*O'Brien & Wilson,* for appellant.

*Harvey Officer,* for respondent.

DICKINSON, J. It was the duty of the guardian, having money of his ward in his hands, to make the same productive by investment. Having neglected to do so, but retained the money many years, and no reason being shown to excuse the neglect, the guardian was properly charged with interest at the legal rate, after the lapse of a reasonable time (six months) for making investments. *Dunscomb* v. *Dunscomb,* 1 John. Ch. 508; *Karr's Adm'r* v. *Karr,* 6 Dana, 3; 1

Perry on Trusts, § 468 *et seq.*; Schouler on Domestic Relations, § § 353, 354. There is nothing in this case excusing the guardian from the duty of investing the money.

Order affirmed.