## W. F. HENDERSON v. ELI F. LINDLEY.

### No. 2839.

1. **Partial Partition in Administration.**—Under section 94, Act of August 9, 1876, authorizing a partial partition by order of the Probate Court upon petition of the heirs, filed after the first term of the court after expiration of twelve months from the original grant of administration, it is held upon such proceedings ascertaining the indebtedness of the estate and retaining sufficient assets to pay the debts—partitioning the excess—that the property so partitioned thereby is placed beyond the jurisdiction of the Probate Court, and to leave it no longer subject to partition.

2. **Same.**—Property once partitioned according to the law in administration under said section 94, Act of August 9, 1876, should be deemed as effectually administered as if sold by the administrator, and should not be again subjected to the payment of debts through the jurisdiction of the Probate Court.

3. **Disqualification of Judge.**— Facts disqualifying a judge acting as a court must be established by testimony. See facts insufficient to disqualify a judge.

4. **Recording of Judgments.**—It is not necessary that a decree of partition be recorded to be competent evidence, save as against one claiming to be a good faith purchaser.

5. **Bona Fide Purchaser.**—One can not be an innocent purchaser under a void sale; e. g., under a probate sale of property over which the court had no jurisdiction.

6. **Estoppel.**—A widow and a child were the heirs of the deceased husband and father. After a partition the child died, leaving the widow the sole owner of the estate. In a sale of land of the estate after the child's death she made the deed as "administratrix and sole heir." *Held,* that the land passed to the vendee, at least by estoppel.

7. **Practice in Trespass to Try Title.**—Where the plaintiff fails to establish his title, errors committed in admitting testimony for defense will not avail him on appeal.

APPEAL from Hopkins. Tried below before Hon. E. W. Terhune.
The opinion states the case.

*Henderson & Blocker,* and *Croft & Croft,* for appellant.—1. A decree or deed of partition is not admissible in evidence to show title in any one claiming under it before it has been recorded in the county where the land lies. Sayles' Civ. Stats., art. 4339; Thornton v. Murray, 50 Texas, 161; Russell v. Farquhar, 55 Texas, 355.

2. The application for partition of an estate under administration should show that a partition can be made without injuring the creditors of the estate, or the applicants should offer to give bond in double the

amount of the property received by them, or the application should ask for sufficient property to be set aside to pay all debts that have been es-- tablished or that may be established against the estate, or the court would not have jurisdiction to make the decree ordering the partition. Sayles'' Civ. Stats., arts. 1964–68, 2105–07; Murchison v. White, 54 Texas, 78.

3. When no bond is given as required by Revised Statutes, articles. 1964 to 1967, the court should set aside in its decree a sufficient amount. of money or property, specifying the same, to pay all debts that are or· may be established against the estate and expenses of administration, and. should direct the administrator to hold the same for such purpose; and if this is not done in the decree, the decree is void, the court having no· jurisdiction to make a decree that does not contain the ingredients laid down in article 2107 of Revised Statutes, and particularly the fourth in- gredient. Sayles' Civ. Stats., art. 2107.

4. If the Probate Court of Navarro County had even apparent juris- diction to order the sale of the estate of J. M. Lindley, the purchaser at such sale would take a clear title to the land and be protected by law. McNally v. Haynes, 59 Texas, 583; Murchison v. White, 54 Texas, 78; Edwards v. Halbert, 64 Texas, 667.

*Perkins, Gilbert & Perkins*, for appellee. — 1. A judgment or decree· of a court of competent jurisdiction can not be collaterally attacked; and if the record does not show to the contrary the presumption is that every prerequisite necessary to authorize the court to act has been complied with. Guilford v. Love, 49 Texas, 715.

2. An attorney who at one time held a claim against an estate for col- lection, who is afterwards elected county judge, is not thereby disqualified from making an order partitioning said estate at some subsequent time, and especially where it is not shown affirmatively that said claim is not. paid off and settled, nor can his disqualification be questioned in a collat- eral proceeding. Taylor v. Williams, 26 Texas, 583; Newcome v. Light, 58 Texas, 141.

GAINES, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by appellant against appellee. The facts which gave rise to the litigation are as follows: The land in controversy was the prop-- erty of J. M. Lindley at the time of his death, which occurred in 1873. He left as his sole heirs his wife, Mrs. Starkie Lindley, and a minor son. It appears that an administrator was appointed and qualified, that the· estate was administered in part, and that the administration became vacant. At all events it is clearly shown by the record in this case that some time in 1877 one Martin was appointed administrator *de bonis non* of the estate. During this administration, in September, 1877, Mrs. Lindley, in her own behalf and as guardian of her minor son, made application to·

the County Court for a partition of the real estate belonging to the intestate at the time of his death, alleging that all the debts against the estate had been paid, except a certain claim in favor of one Solomon, which had been rejected and upon which suit had been brought, and that enough money remained in the hands of the executor to pay that debt should it be established as a just claim against the estate. The prayer of the petition was granted, and the commissioners appointed made a partition of all the real estate which was the separate property of the deceased, allotting to Mrs. Lindley a life estate in certain parcels deemed to be a third in value of the estate, and to her minor son the remainder in such parcels and all of the other lands divided in fee simple. The parcels were specifically described and embraced the tract of land in controversy in this suit. The report of the commissioners was approved and the partition confirmed by the County Court at its January Term, 1878. The son subsequently died, being of very tender years, and Mrs. Lindley married one Spencer. In May, 1883, joined by her husband, she conveyed the land in controversy to appellee. In 1887 J. M. Blanding became administrator *de bonis non* of the estate. The Solomon claim against the estate having been established and the fund set apart for its payment having been virtually lost by the default of the former administrator, Martin, an order was made directing a sale of the lands belonging to the estate for the payment of debts. Under this order the tract in controversy was sold by the administrator and purchased by the appellant.

The main question in the case is, as to the effect of the order of the court directing a partition of the lands of the estate and that confirming the partition made by the commissioners in pursuance of the former order. Section 94 of the Act of August 9, 1876, provided that "at any time after the first term of the court after the expiration of twelve months from the original grant of letters testamentary or of administration the heirs, devisees, or legatees of the estate, or any of them, may by their complaint in writing, filed in the County Court, cause the executor or administrator and the heirs, devisees, or legatees to be cited to appear at a regular term of the court and show cause why a partition and distribution should not be made among the heirs, devisees, or legatees of the residue of the estate, if any there be, after retaining in the hands of the executor or administrator a sufficient portion thereof to pay all debts of every kind against the estate that have been allowed and approved or established by suit, or that have been rejected by the executor or administrator, or not approved by the county judge and may yet be established. If it shall appear to the judge after the service of such citation that there is any residue of the estate, he shall order it to be so partitioned and distributed." Laws of 15th Leg., 117.

The evident object of this provision was to enable the heirs to take possession of so much of the estate as was not necessary for the purpose of

paying the debts of the decedent. A preceding section had provided that the payment of all claims not presented to the executor or administrator within twelve months from the grant of letters should be postponed until claims previously presented had been satisfied. Hence, it was reasonable to conclude that after the twelve months had elapsed as a rule all claims would have been presented, and that it would then be practicable to determine with reasonable certainty how much of the estate was required to discharge the claims against it. It may also have been considered that it would be just to the heirs after that period that all of the estate not required for the payment of debts should be permanently withdrawn from the control of the court and turned over to them. We are of opinion, therefore, that the effect of a decree of partition made in the County Court under the Act of 1876, was to place the property beyond the jurisdiction of the Probate Court, and to leave it no longer subject to be administered. The result of a rule that would permit the partition of an estate, either in whole or in part, among the heirs, and then allow the administrator to resume control and to sell it for the payment of debts, would lead to inextricable confusion and in some cases to great injustice. We think, therefore, that the intention of the statute was that the partition when made should be final, and that property once partitioned, according to the law under consideration, should be deemed as effectually administered as if sold by the administrator, and should not be again subjected to the payment of debts through the jurisdiction of the County Court. It follows that if the order of the court confirming the partition of the property between Mrs. Lindley and her son is to be held valid in this suit, the sale of the property in controversy by the subsequent administrator by virtue of the order of the County Court was a nullity and passed no title.

Many objections are urged to the validity of the orders of partition, but with one exception they are such as go to the regularity of the proceedings rather than to the jurisdiction of the court. It may be doubted whether the partition was not in strict accordance with the Act of 1876, since many of the provisions of the Revised Statutes, on which the objections seemed to be based, are not to be found in that act. At all events it was in substantial compliance with the law, and the final order was such as the court clearly had the jurisdiction to make.

It is objected, however, that the orders are void because the judge who made them was disqualified to sit in the case. It is claimed that S. R. Frost was the judge who made the orders, but this does not appear. The application was addressed to him as county judge, but it does not follow that he was county judge when the orders were made. We can not judicially know who the county judge was at that time. Lane v. Doak, 48 Texas, 227. It is further claimed that he was counsel in the suit for the establishment of the Solomon claim against the estate. This conclusion

is based upon the fact that it appears that Frost & Barry were attorneys for plaintiff in that suit, but neither does this court judicially know that S. R. Frost was a member of that firm. Nor does the fact that Judge Frost, as attorney in 1884, presented the established claim to the County Court prove that he was the attorney who instituted and prosecuted the suit to judgment. This is not a matter in which we are to deal in remote presumptions.

The court below found that it was not proved that Frost was the judge when the order was made, and we think the finding correct. We do not wish, however, to be understood as holding that even if Judge Frost were attorney in the case of Mrs. Solomon against the estate he was disqualified by reason of that fact to make the orders in question, if indeed he did make them.

When the defendant offered in evidence the orders of the County Court making a partition of the estate, the plaintiff objected on the ground that it was not shown that they had ever been recorded in Hopkins County. By the literal terms of the statute no decree for the partition of land or judgment in which the title to any land is recovered can be offered in evidence in any case until it has been recorded in the county where the land lies. Rev. Stats., art. 4339. But in Russell v. Farquhar, 55 Texas, 355, it was held in effect that the object of the statute was merely to give notice to purchasers, and that such a judgment or decree could be introduced in evidence in any case except as against a bona fide purchaser without notice. It is true that in that case the judgment was one between the parties to the suit in which it was admitted; but we apprehend there can be no difference in principle when it is offered in a second suit between the same parties and when the second suit is between other parties. We are of opinion that in this case the appellant can not claim to be a bona fide purchaser without notice, since he testified that before he bought, the sale was forbidden by an attorney representing Mrs. Lindley or some other person. Besides he could not be an innocent purchaser under a void sale.

It is urged in behalf of appellant that the court erred in admitting the decree of partition in the Probate Court, because the deed from Mrs. Spencer, formerly Mrs. Lindley, to appellee is signed by her as administratrix of the estate of J. M. Lindley, and as his sole heir. It is argued that she had no order to sell as administratrix, and that she was not sole heir. Technically she was not the sole heir, but by the death of her son she was sole owner, and we think the conveyance passed her title, at least by estoppel. But it matters not; if the title remained in her the decree of partition showed that appellant acquired no title, and it did not matter whether the appellee had title or not. The appellant could only recover upon the strength of his own title.

There are other assignments of error, but they are based upon rulings that in no manner affect the correctness of the judgment and need not be considered.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Delivered November 22, 1889.