## McADAMS v. WILSON.

(Court of Civil Appeals of Texas. Amarillo. Feb. 7, 1914. Rehearing Denied March 7, 1914.)

1. GUARDIAN AND WARD (§ 8*)—GUARDIAN FOR PART OF ESTATE.

Rev. St. 1911, art. 4113, requires the guardian of a minor's estate to return an inventory of all property of the estate. Article 4115 requires an affidavit that the inventory and list of claims are true and complete. Article 4116 requires property owned in common by the ward and others to be distinctly stated in the inventory. Article 4099 requires the guardian's bond to be in double the estimated value of the property. Article 4083 requires the order of appointment to specify whether the guardian is for the person, for the estate or for both. *Held*, that a guardian could not be appointed for only part of the infant's estate, as for one-half of the property belonging to the community estate of the ward's mother, who devised all of her property, both community and separate, to the ward and another child.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 9, 13–18; Dec. Dig. § 8.*]

2. GUARDIAN AND WARD (§ 15*)—AMOUNT OF BOND.

The bond given by the guardian of the estate of an infant, in order to be valid, must be double the estimated value of the infant's estate, as expressly required by Rev. St. 1911, art. 4099.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 56–64; Dec. Dig. § 15.*]

3. EXECUTORS AND ADMINISTRATORS (§ 26*)—PROBATE—INDEPENDENT EXECUTOR—BOND.

The fact that a will appoints an independent executor will not deprive the probate court of jurisdiction of the administration of the estate, so that it may annul a provision of the will, or require such executor to give bond while he acts.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 144–170; Dec. Dig. § 26.*]

4. GUARDIAN AND WARD (§ 8*)—INDEPENDENT EXECUTOR—MINOR'S ESTATE—APPOINTMENT OF GUARDIAN.

The administration of a will by an independent executor does not deprive the probate court of jurisdiction of the estate of a minor devisee, and it may, when necessary, appoint a guardian to take charge of such estate.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 9, 13–18; Dec. Dig. § 8.*]

5. EXECUTORS AND ADMINISTRATORS (§ 304*)—FUNDS OF MINOR—TRANSFER TO GUARDIAN—ACQUISITION OF ESTATE.

The funds in the hands of an independent executor, which belonged to an infant devisee, were transferred by operation of law to him as guardian of the infant upon his appointment as such, so that no act was necessary to transfer them.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1243, 1244; Dec. Dig. § 304.*]

6. GUARDIAN AND WARD (§ 8*)—NUMBER OF GUARDIANS—PERSON AND ESTATE.

Under the express provisions of Rev. St. 1911, art. 4082, only one guardian can be appointed for the person or estate of a minor; but a separate guardian may be appointed for each.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 9, 13–18; Dec. Dig. § 8.*]

Appeal from District Court, Sherman County; D. B. Hill, Judge.

Application by J. R. Wilson for letters of guardianship against which W. J. McAdams filed a protest. From an order appointing applicant as guardian, and fixing his bond, etc., McAdams appeals. Reversed and remanded.

M. Cammack, of Stratford, for appellant. Jno. H. H. Stahl, of Stratford, for appellee.

HUFF, C. J. The appellee, J. R. Wilson, filed an application in the county court of Sherman county for letters of guardianship of the person and estate of Robert Roy McAdams and Joseph John McAdams, alleging that they were minors, seven and five years old, and were without lawful guardian of either their person or estate, and that they were entitled to an estate, both real and personal, of the probable value of $5,000. Afterwards he amended his application, in which he stated the minors were entitled to real and personal property of the probable value of $4,500, devised by their mother, who was the daughter of petitioner, to said minors, and real estate of the probable value of $500, left by their father, who died intestate; that their mother died testate on the 2d day of February, 1913, leaving a will, in which petitioner was appointed one of two independent executors of her estate, and that by the will petitioner was appointed guardian of her minor children, and that the will had been probated; that the latter estate, $500, was subject to guardianship. W. J. McAdams filed a protest and contest, alleging that J. R. Wilson was not a suitable person to be appointed as such guardian, for the reason that he had permitted the property of the estate to be wasted, did not properly treat the mother and children before her death, and did not properly treat the children, and was indebted to the estate. On the 12th day of March, 1913, the county court appointed J. R. Wilson guardian of the person and estate of the minor children, finding they had no lawful guardian of either their person or estate, and fixing the bond of the guardian at $1,600, and appointed appraisers for the estate. From this order of the county court, W. J. McAdams appealed to the district court of Sherman county. On appeal the district court modified the order of the county court, appointing J. R. Wilson guardian of the person of the minors, and of the community estate belonging to said minors, fixing his bond at the sum of $1,929.60, and finding that the appellee was guardian under the will of the estate devised by the will. J. R. McAdams and Mattie Mc-

Adams were husband and wife. The fruits of the marriage were the two children, Rob Roy and Joseph John McAdams. Their father, J. R. McAdams, was the son of the contestant, W. J. McAdams, and Mattie E. McAdams the daughter of J. R. Wilson, the applicant for guardianship. The evidence shows that J. R. McAdams, the husband of Mattie E. McAdams, and the father of the minors, died, leaving a community estate, valued at $926. He carried an insurance policy on his life, which his wife, after his death, collected, and the proceeds of this policy is treated in this case as the separate property of Mrs. McAdams. The evidence shows that there remains in the estate of that sum at the time of Mrs. McAdams death the sum of $3,481.10, invested in property, and evidenced by notes due the estate. Before her death, Mrs. McAdams made a will, in which, after providing for the payment of debts, funeral expenses, etc., by clause II thereof, she provided:

"I give and bequeath all the rest and residue of my estate, after the payment of my debts, both real and personal, both in the state of Texas and elsewhere, to my beloved sons, Robert Roy McAdams and Joseph John McAdams, share and share alike; but in the event that either of my said sons should die before attaining majority, and without surviving issue of his body, then and in that event, the portion of the deceased one in this estate as bequeathed to him in this testament, shall pass to my surviving son, whichever of the two it may be," etc.

"III. I hereby appoint my beloved father, J. R. Wilson, and my brother, James Lee Wilson, sole and independent executors of this my last will and testament, without bond or security of any kind, with full authority in them and the survivors of them, to collect, sequester and preserve my said estate, and in all things to transact the business of the estate, necessary for the full preservation and benefit thereof, and without order of the court; and I further direct that no court procedure shall be had relative to my estate except to probate this will, appoint appraisers, receive inventory and appraisement of my estate and to receive and file the oath of executors, and to issue proper letters of authority to said executors or either of them, unless my father should die, resign, or become incapacitated to serve during the minority of my sons or either of them, or in case of both of said executors should refuse or become incapacitated to serve or die before my sons or either of them obtain their majority; in either of which events the proper court may assume jurisdiction of my estate, and protect the same according to law, my desire being that should another executor need to be chosen to represent my estate at any time, within either of the above contingencies, one of my brothers or sisters should have the preference of so acting and qualifying over any stranger or outsider.

"IV. Should it become necessary, in the event of my decease before either or both of my sons attain the age of twenty-one years, or should it become advisable that guardian of the person or of the estate or both be appointed for either of said sons, I desire that my father be so appointed and in the event he be dead or cannot for any reason act, then my brother, James L. Wilson, shall be appointed, and if he be dead or in any way incapacitated from acting, then my surviving brothers and sisters shall choose one from among themselves to act," etc.

The appellant in this case assigns error to the action of the court in rendering the judgment requiring appellee to give bond only for the community property, and in not making it double the entire estate. The will, in the third clause, appoints the father and brother of Mrs. McAdams independent executors to preserve, collect, and transact the business of the estate. Authority in that clause is only given over the estate devised. The guardianship of the children is not mentioned. In the fourth clause thereof the guardianship is mentioned in case it should become necessary. Under the will of Mrs. McAdams, she did not appoint her father guardian of the estate and person of the children without bond, but left that for future determination, and, should it become necessary, she expressed it as her desire that her father be appointed. There is no provision in the will appointing him such guardian, or, if appointed, that he act without bond.

[1] The statute authorizes the appointment of a guardian for the person and estate of a minor. We know of no statute, and none has been cited, authorizing a guardian for a part only of the estate of the minor. The bond must be in double the value of the estate. We do not think the statutes make a distinction in property belonging to the estate. If derived from the community, or from the separate property of the mother, it is part of the estate, and from whatever source derived, if part of the estate of the minor, it must be inventoried, and a bond executed in accordance with the statute.

Article 4113, R. S. 1911, requires the guardian, within 30 days after he takes the oath, to "return a true and perfect inventory of all property, real and personal, belonging to said estate, which has come to the knowledge of such guardian."

Article 4115 requires an affidavit in substance that the inventory and list of claims are true and perfect lists of all property, real and personal, and a list of claims belonging to the estate which has come to his knowledge.

Article 4116: Property which is owned in common by the ward and others shall be distinctly stated in the inventory and list of claims.

Article 4099 stipulates that the bond must

be in double the estimated value of the property belonging to the estate.

Article 4083: The order appointing the guardian must specify whether the guardianship is for the person, or for the person and estate. The order in this case appointing a guardian for one-half of the community belonging to the community estate, we do not think is in compliance with the statute.

[2] Under such order the guardian cannot demand a distribution of the ward's estate from the administrators or executors, or receive and hold the same. The object of the law in appointing a guardian is to protect the interest of the minor, and an order which does not give the guardian the power to do so to the full extent of the estate does not comply with the statute. If there was no necessity for guardianship, no application should have been made. The fact that appellee applied therefor, showing the necessity and the order of the court granting the application, established the necessity. The order should be effective to give full security to "all" the estate. The bond must be double its value, otherwise it is not a statutory bond. Moore v. Hanscon, 103 S. W. 665. The contention appears to be in this case that, inasmuch as that part of the estate designated as the separate property of Mrs. McAdams passed under the will to the children, and was being administered by independent executors, the county court could not appoint a guardian to take charge of that part of the estate. This proposition we do not think correct. A very full discussion of the effect of the statute (article 1995, old statute; article 3362, R. S. 1911) is discussed in connection with other articles relative to "estates of decedents," and an exhaustive analysis of the various decisions and statutes on this question is given in the case of Roy v. Whitaker, 92 Tex. 346, 48 S. W. 892, 49 S. W. 367, by Judge Brown. It is said therein: "In Prather v. McClelland, 76 Tex. 584 [13 S. W. 543], this court held that articles 1991–1994 [Rev. St. 1895], inclusive, are applicable alike to wills administered by independent executors and others, and that, after the probate of the will, the return of an inventory and list of claims, and the qualification of the executor, the probate court can exercise the power to annul a provision of a will, although it exempts the executor from the control of the court 'in the settlement of the estate.'" Again, it is said by Judge Brown: "The effect of the foregoing cases is to establish the proposition that, except in those articles which relate to acts to be done in the settlement of an estate, the term 'executors,' as used in our statutes, includes independent as well as other executors. The Constitution and laws of this state confer upon county courts general jurisdiction of all estates of deceased persons, which attaches to

the particular estate when proceedings for administration are begun in that court, and, having once attached, the jurisdiction will continue, except as limited by the terms of article 1995."

[3] In probating a will appointing an independent executor, the probate court has jurisdiction of that administration. The executor has, by virtue of the trust reposed in him, the right to settle the estate, and do whatever the court could authorize to be done if the estate was under its entire control. This provision does not deprive the probate court of jurisdiction to annul a provision of the will, or to require the executor to give bond while he continues to act.

[4] An administration on a will by an independent executor will not deprive the probate court of its jurisdiction over minors or their estates, and, when the necessity arises, the probate court has the power to appoint a guardian to take charge of the estate of the minor, even if it is in the hands of an independent executor. It is urged that an appointment of appellee as guardian did not oust him as independent executor; that the court, by appointing him guardian, did not defeat the administration under the will. It is held by the courts that an independent executor may resign as such, and the court would in such case have the right to appoint an administrator de bonis non. The court said, in the case of McDonough v. Cross, 40 Tex. 281: "It is certainly within the authority conferred upon the executor, if no specific directions are contained in the will, whether the will is being administered under the supervision of the court or not, to determine when the devisees may take and hold the property, devised free from any claim of the executor thereto, for the purpose of administration. And if the executor, as the representative of the estate, acquiesces in the right of the devisee to the possession and enjoyment of the property devised, and the possession of it is delivered to them, it cannot be subsequently insisted that the devised property is still part of the estate of the testator in the hands of the executor."

In the case of Parks v. Knox, 130 S. W. 203, cited by appellee, Mr. Justice Hodges, speaking for the court, said: "The appellants rely upon the proposition that, when the representatives of the estate of the deceased, empowered to act independent of the probate court, make a distribution of any portion of the estate, and deliver possession thereof to the heirs or devisees, such representatives lose all control or dominion over that portion, and cannot thereafter administer it for the benefit of creditors. The following authorities to which we are referred we think sustain the proposition of law upon which the appellants rely: McDonough v. Cross, 40 Tex. 251; Allen v. Von Rosenberg (Sup.) 16 S. W. 1099; Henderson v.

Lindley, 75 Tex. 185 [12 S. W. 979]; Fisk v. Norvel, 9 Tex. 14 [58 Am. Dec. 128]."

In Parks v. Knox, supra, the independent executor agreed to a judgment which decreed certain land to the children of the testator. Subsequently the executors mortgaged this land, and then deeded it to secure and pay a debt due by the estate. In discussing the effect of these transactions, the court further said: "It is urgently insisted by the appellees that no such distribution and surrender was intended in this instance by the executors, and, as evidencing the absence of such intention, reference is made to subsequent acts of the executors in exercising their dominion over some portions of the estate which had been theretofore divided. * * * We are not to be governed by what the parties may have intended to do, but what they in legal effect did. When the law attaches certain consequences to the doing of particular acts, the actual intent of the actor must yield to the dictum of the law."

In Karr v. Karr, 36 Ky. (6 Dana) 3, it is said: "If they [funds] had been in the hands of another administrator, it would have been his duty to have coerced a settlement of the estate so soon as the debts were paid, and to have received his ward's portion, and invested it for his benefit. And as he himself was the administrator, and the funds in his own hands, they should be treated as held by him as guardian, as most beneficial for his ward, so soon as he took upon himself the latter character."

In the case of State, to Use of Jacobs and Wife, v. Hearst, 12 Mo. 365, 51 Am. Dec. 167, it is held: "When, from the facts, an executor, who was also guardian, might be charged with the receipt of moneys either as executor or guardian, he must account in the latter character; for whatever funds he had in his hands as executor were by operation of law transferred to him as guardian."

"Funds held by an administrator who is also guardian of the property entitled thereto upon the distribution after the time has expired in which to settle the estate are presumed to be in his hands as guardian, and the sureties on his administration bond are not liable therefor." Johnson v. Johnson, 2 Hill Eq. (S. C.) 277, 29 Am. Dec. 72; Carroll v. Bosly, 6 Yerg. (Tenn.) 220, 27 Am. Dec. 470; Jacobs v. Bull, 1 Watts (Pa.) 370, 26 Am. Dec. 72; Seegar v. State, 6 Har. & J. (Md.) 162, 14 Am. Dec. 265.

[5] Upon the appointment of appellee as guardian, no act was necessary to transfer the funds in his hands as executor belonging to his wards. It was presumed transferred by operation of law.

[6] If the judgment of the court and the contention of appellee in this case are correct, that the will appointed the father and son guardian of the person and estate of the minors, then the application for the guardianship of the person and estate of the minors by appellee in this proceeding would be illegal, because the statute (article 4082) expressly provides only one guardian can be appointed of the person and estate, and to permit the appellee guardianship in this case, if he is correct in his interpretation of the will, would then result in two guardianships pending for the same children, which, we think, is clearly against the policy of the law, and in the face of the statute.

So soon as appellee shall qualify as guardian, or at least after the proper length of time, he may distribute the estate to his wards, or compel his coexecutor to do so, in a proper proceeding. We think, when the court appointed him guardian of the estate of his wards, the order should appoint him guardian of the entire estate, and that the bond should be in double the estimated value of his wards' property, which should include that portion of the property which passed to them under the will, as well as that taken by inheritance from their father.

We think the court was in error in appointing appellee guardian of one-half of the community estate, and requiring only a bond covering its estimated value. The cause is reversed and remanded.