W. H. McDONALD ET AL. V. W. P. HAMBLEN, ADMINISTRATOR.

No. 6753.

1.   **Independent Executors— One Dying, Others May Act.**—Where a joint authority is given by a will to two or more persons as executors to sell and convey real estate, and one of the executors refuses to act or can not act, a conveyance made by those surviving under the authority of the will is valid. And this doctrine applies to executors charged with the execution of the will independently of the control of the Probate Court.

2.   **Suit by Tenant in Common for Land.**—In an action of trespass to try title for a given number of acres, part of a larger tract, it is no ground of objection to the title of the plaintiff that in the deeds offered in evidence the particular part of the larger survey was not designated. As against a trespasser the plaintiff showing an undivided interest would be entitled to prove such interest and recover the same.

3.   **Sale by Widow to Pay Community Debts.**— In a suit for land defendants, showing no interest in the land and neither heirs nor creditors of the deceased husband whose widow had sold it to the plaintiff, could not raise the question whether debts recited in the deed as being provided for by such sale were barred by limitation.

4.   **Presumptions in Aid of Acts of Independent Executors.**—Ten years after the death of the testator his independent executors conveyed land, reciting that the sale was made for the payment of the debts of the testator. *Held*, that in face of the recitals there could be no presumptions against the existence of debts.

5.   **Limitation of Five Years—Tax Deed.**—A tax deed for the R. A. Campbell survey will not support limitation of five years upon the George A. Campbell survey.

APPEAL from Hill.   Tried below before Hon. J. M. Hall.

The opinion states the case.

*Abbott & Ivy* and *Tarlton & Jordan*, for appellants. —1.  The court erred in admitting in evidence the deed from Henry Tiebout and C. E. Kellogg as a deed from C. E. Kellogg, in the capacity of surviving wife of S. W. Kellogg, to P. W. Gray, executor of the estate of J. H. Stevens, deceased, in this, that said deed upon its face shows that it was executed by Tiebout and C. E. Kellogg as executor and executrix of S. W. Kellogg, deceased, and purports on its face to convey by virtue of the will of S. W. Kellogg, deceased, three persons having qualified as executors.

2.   The court erred in admitting in evidence the deed from Henry Tiebout and C. E. Kellogg. executor and executrix of S. W. Kellogg, deceased, to P. W. Gray, executor of James H. Stevens, deceased, in this, that said deed upon its face conveys a tract of 984 acres, part of one-third league patented to Jacob De Cordova, assignee of Geo. A. Campbell, said one-third league described in the patent and in deed from Jacob De Cordova to S. W. Kellogg, said deed in nowise identifying any particular part of said one-third league, and in nowise identifying the land as sued for by plaintiff.   Knowles v. Torbitt, 53 Texas, 557; Donnebaum v. Tinsley, 54 Texas, 362; Davenport v. Chilton, 25 Texas, 518; Howard v. North, 5 Texas, 290; 2 Dev. on Deeds, secs. 1010, 1011.

3.   In order that a deed purporting on its face to be executed by an ex-

ecutor and executrix by virtue of a will of a deceased may be legally or equitably sufficient to pass title as a deed executed by the executrix as the surviving wife of deceased, there should be proof that the land purporting to be conveyed by such deed was so conveyed in consideration of community debts, and such community debts should be proved.

*Sam R. Frost,* for appellee.— 1. It having been shown that Caroline E. Kellogg was the surviving wife of S. W. Kellogg, and it further having been shown that they were married in 1831 or 1832, and that whatever property S. W. Kellogg died seized of was acquired by him subsequent to the date of such marriage, and it being shown that his estate was indebted to the grantee named in the deed, authority was vested in Caroline Kellogg, as such surviving wife, to convey the community property in satisfaction of such debt, without reference to any power conferred upon her by the terms of the will.

2. The deed executed by Henry Tiebout and Caroline E. Kellogg, executor and executrix of the will of S. W. Kellogg, deceased, was properly admitted in evidence as a conveyance made by them as executors under the will, notwithstanding the court had excluded it as such, it having been first shown, or at least appears in the evidence, that their coexecutor, Francis Kellogg, had died previous to the date of the execution of the deed.

Sustaining the deed as a conveyance by Caroline E. Kellogg, survivor of the community estate of herself and her deceased husband, S. W. Kellogg. Hough v. Hill, 47 Texas, 148; Link v. Page, 72 Texas, 592.

As an act of the surviving executors under the will of S. W. Kellogg, deceased. Johnson v. Bowden, 37 Texas, 621; Johnson v. Bowden, 43 Texas, 670; Giddings v. Butler, 47 Texas, 536; Blanton v. Mayes, 58 Texas, 422; Anderson v. Stockdale, 62 Texas, 59.

3. The conveyance of "984 acres, part of one-third league patented to Jacob De Cordova, assignee of George A. Campbell, said one-third league described in the patent and in the deed from J. De Cordova to S. W. Kellogg," the title to the whole survey having been shown in S. W. Kellogg, would render the grantee of Kellogg's representatives or his vendee a tenant in common with S. W. Kellogg's estate or his representatives, and as such tenant in common he could maintain the suit against the appellants, defendants below, who were trespassers. Blackburn v. McDonald, 1 Posey's U. C., 355; Wofford v. McKinna, 23 Texas, 36; Schenk v. Evoy, 24 Cal., 110; Lawrance v. Ballou, 37 Cal., 518; Jackson v. Livingston, 7 Wend., 136.

4. The court at the instance of the plaintiff having admitted the patent granting 1476 acres of land to Jacob De Cordova, assignee of George A. Campbell, also the deed from Jacob De Cordova conveying the whole survey to S. W. Kellogg to 984 acres of said survey, and the deed of P. W. Gray and William McCraven conveying to the plaintiff the same 984 acres,

thus rendering without further evidence the plaintiff a cotenant with S. W. Kellogg's representatives in the whole survey, and therefore in every part thereof, including the land sued for as described in the petition; and having refused the admission in evidence of the defendant's tax deed, it was the duty of the court to instruct a verdict for the plaintiff for the land sued for as against the defendants, who under the evidence before the court occupied the position of naked trespassers.    Eason v. Eason, 61 Texas, 226; Teal v. Terrell, 58 Texas, 261; Hedgepeth v. Robertson, 18 Texas, 871; Mitchell v. De Witt, 20 Texas, 294; Austin v. Talk, 20 Texas, 164; Roddy v. Kingsberry, 5 Texas, 152; Andrews v. Smithwick, 20 Texas, 118; Read v. Read, 11 Texas, 593; Patton v. Rucker, 29 Texas, 407; Lea v. Hernandez, 10 Texas, 137; Bond v. Mallow, 17 Texas, 636; Parker v. Leman, 10 Texas, 116; Rogers v. Broadnax, 24 Texas, 542; Supreme Council v. Anderson, 61 Texas, 301; Nevins v. McKee, 61 Texas, 414; Grinnan v. Dean, 62 Texas, 219.

5.    The title papers introduced in evidence by the plaintiff on the trial of the case showing that the plaintiff had title to 984 acres, a two-thirds part of the whole survey of one-third league, and the plaintiff having described a part of said survey in his petition, and the defendants having admitted their possession of the land sued for by their plea of not guilty, and no question having been raised on the trial as to the identity of the land described in the deeds being the same as that sued for, it was the duty of the court to instruct the jury to return a verdict for the plaintiff, the defendants under the evidence being naked trespassers.    Wofford v. McKinna, 23 Texas, 36; Schenk v. Evoy, 24 Cal., 40; Lawrence v. Ballou, 37 Cal., 518; Jackson v. Livingston, 7 Wend., 136; 2 Dev. on Deeds, sec. 1019.

6.    Only the executors, administrators, heirs, or persons interested in the estate can complain of the invalidity of the debt claimed against the estate, the presumption being that debts existed authorizing the conveyance.    Watt v. White, 46 Texas, 343; Howard v. Johnson, 69 Texas, 655; Manchaca v. Fields, 62 Texas, 135.

7.    A description of the land as set forth in the tax deed against which the taxes were assessed, and for which taxes the land was sold, being a different tract, as described by name of the survey, from that sued for and described in plaintiff's title, the deed as against plaintiff was void and should not have been admitted in evidence.    Kean v. Cannovan, 21 Cal., 301; Wofford v. McKinna, 23 Texas, 36; Dev. on Deeds, sec. 1408.

HOBBY, JUDGE.—This suit was brought by W. P. Hamblen, as administrator of the estate of Samuel Stevenson, against W. H. McDonald, Frank Files, and R. P. Edrington, to try the title to 984 acres of the George A. Campbell one-third of a league of land.

The defendants pleaded not guilty and the five years statute of limitation.

The plaintiff's chain of title was as follows: Patent to Jacob De Cordova, assignee of George A. Campbell, for the one-third of a league, dated July 7, 1848; deed from De Cordova to Simon W. Kellogg, conveying the said one-third of a league as described in the patent, dated July 17, 1848.

It was proved that Simon Kellogg died February 10, 1856, leaving an independent will appointing his wife Caroline Kellogg, his son Francis Kellogg, and Henry T. Tiebout, his son-in-law, his executors.

By the terms of the will full power was given them to make settlement of his estate, having in view its interest. After the discharge of his debts the residue of his estate was to be distributed as therein set forth. To his son Francis Kellogg his interest in the headright of George A. Campbell, on Richland Creek, was devised.

This will was probated in Robertson County, and on the 25th of February, 1856, all three of the executors named in the will qualified. Francis Kellogg, one of the executors, died on the 28th of February, 1863. On the 15th of May, 1866, the remaining executors, Caroline E. Kellogg and Henry Tiebout, joined in the execution of a deed to Peter W. Gray, executor of the estate of James H. Stevens, deceased, conveying land described as follows: "A tract of 984 acres, part of one-third league patented to Jacob De Cordova, assignee of George A. Campbell, on the 7th day of July, 1848, by the State of Texas, situated on Richland Creek in Navarro County, described by said patent issued on the day and date named and a deed from said De Cordova to Simon Kellogg, July 17, 1848."

Simon W. Kellogg and Caroline E. Kellogg were married in 1831 or 1832, and the property owned by him at his death was community property.

Peter W. Gray, Caroline Ennis, and Wm. McCraven were coexecutors of the will of Jas. H. Stevens, deceased, either two of whom were under provision of the will authorized to act in any matter.

On the 21st of August, 1867, Wm. McCraven and Peter W. Gray, as coexecutors of the will of Jas. H. Stevens, executed a deed to the plaintiff, Wm. P. Hamblen, administrator of the estate of Samuel Stevenson, conveying land described as follows: "Tract of 984 acres, being two-thirds part of the one-third league patented by the State of Texas to Jacob De Cordova, assignee of Geo. A. Campbell, for his headright, on the 7th of July, 1848, situated on Richland Creek, in the county of Navarro, and particularly described in said patent and in the conveyance from said De Cordova to S. W. Kellogg, which are recorded in Navarro County and referred to for identity."

Wm. Hamblen was duly qualified and appointed as administrator of the estate of Samuel Stevenson, and procured an order of the Probate Court authorizing him to sue for the recovery of the land in controversy.

Such is the appellee's title.

The defendants offered in evidence, in support of their plea of limitation, a tax deed and the map of Hill County, to show "the locality of said Campbell survey and surrounding surveys." These were objected to by plaintiff and they were excluded.

The court thereupon instructed the jury to find for the plaintiff. A verdict was returned in accordance with this instruction, judgment was entered thereon, and the defendants have appealed.

The first error complained of is the action of the court in admitting in evidence the deed from "Henry Tiebout and C. E. Kellogg as a deed from .C. E. Kellogg, in the capacity of surviving wife of S. W. Kellogg, to P. W. Gray, executor of the estate of J. H. Stevens, deceased, in this, that said deed upon its face shows that it was executed by Tiebout and C. E. Kellogg as executor and executrix of S. W. Kellogg, deceased, and purports on its face to convey by virtue of the will of S. W. Kellogg, deceased, three persons having qualified as executors."

The deed was offered as a deed executed by the executor and executrix under the will of Simon Kellogg, but it was objected to by the appellants because it was only signed by two of the executors, whereas three were appointed by the will and qualified. This objection was sustained and the deed excluded. It was then offered as a deed "executed by C. E. Kellogg, as surviving wife of Simon W. Kellogg, to the grantee for the payment of the debts against the community estate of S. W. and C. E. Kellogg." To this it was objected that it did not purport to be a deed of that character. The objection was overruled, and it was admitted as a deed from the surviving wife as indicated above.

We think the court erred in excluding the deed because the will provided for three executors, all of whom qualified, and only two of them joined in its execution. At the time of the execution of the deed, May, *1866*, one of the executors had been dead three years.

It is well settled in this State that where a joint authority is given by a will to two or more persons as executors to sell and convey real estate, and one of the executors refuses to act or can not act, a conveyance made by those surviving under the authority of the will is valid; and this doctrine applies to executors charged with the execution of a will independently of the control of the Probate Court. Anderson v. Stockdale, 62 Texas, 59; art. 3138, subdiv. 5, Rev. Stats.

It is true that the deed was not admitted as a deed of this character, but this could not affect its validity as such conveyance. Although it was admitted for another purpose, it was a valid conveyance under the will.

The next assignment is that "the court erred in admitting in evidence the deed from Henry Tiebout and C. E. Kellogg, executor and executrix of S. W. Kellogg, deceased, to P. W. Gray, executor of James H. Stevens, deceased, in this, that said deed upon its face conveys a tract of 984 acres, part of one-third league patented to Jacob De Cordova, assignee of

George A. Campbell, said one-third league described in the patent and in deed from Jacob De Cordova to S. W. Kellogg, said deed in nowise identifying any particular part of said one-third league and in nowise identifying the land as sued for by plaintiff."

It is shown by the evidence that this conveyance described the land as " 984 acres, part of one-third league patented to Jacob De Cordova, assignee of George A. Campbell, said one-third league described in the patent and in the deed." But De Cordova conveyed the entire survey, the one-third league, to Simon Kellogg; Kellogg's executors conveyed 984 acres to P. W. Gray, executor, who with William McCraven, his coexecutor, conveyed the same to plaintiff. All of which shows that the plaintiff holds, in so far as it affects the defendants, as a tenant in common with Kellogg's estate, in which the title remains to the balance of the survey, 492 acres. As to these defendants, the plaintiff could recover the entire survey, because he is a tenant in common with the Kellogg estate, and as such it would be immaterial whether the part of the land owned by him was identified by a particular description. It is to be observed also that the deed was not objected to on this ground when offered in evidence. This disposes of the third and fourth assignments, as they raise in another form the same question.

It is claimed that "the court erred in instructing the jury to find in favor of the plaintiff in this: The deed from Henry Tiebout and C. E. Kellogg was executed to P. W. Gray, executor of Jas. H. Stevens, deceased, ten years after the death of S. W. Kellogg, and if S. W. Kellogg was indebted to Jas. H. Stevens or his estate such indebtedness must be presumed to have been paid, and said C. E. Kellogg, as surviving wife of Simon Kellogg, had no legal right to convey land in payment of such debts after the lapse of ten years."

If the debts were barred which the conveyance was executed to discharge, the defendants could not in this suit avail themselves of that fact, as they are neither heirs nor creditors and have no interest in the estate.

Moreover, this will was an independent will, investing the executors with authority to make a settlement of the estate with a view to the best interest of the estate. They could have sold the property at any time for the payment of debts without the action of any court. Howard v. Johnson, 69 Texas, 659. There could be no presumption that the debt was paid in the face of the recital to the contrary that it was executed for the purpose of discharging the debt.

There is but one question remaining which we think is necessary to be considered.

In support of the plea of five years limitation the defendants offered in evidence a tax deed by John P. Cox, tax collector of Hill County, to W. H. McDonald to 984 acres of land of the R. A. Campbell survey, and describing the land by metes and bounds. In connection with this deed

it appears that the county map of Hill County was offered to "show the locality of the George A. Campbell survey and surrounding surveys." The deed was dated June 4, 1878, and duly registered on the 2nd day of April, 1879. The petition was filed May 3, 1886.

The plaintiff objected to its introduction; "first, because it was void on its face, no authority appearing for the execution of the deed; second, because it does not support the plea of limitation, as the description fails to identify the land and is not sufficient to apprise the owner of the land of an invasion thereof by the grantee in the tax deed."

The court sustained the second objection and excluded the deed and the map. This is assigned as error. The assignment is not well made. The deed shows on its face that the tract of land against which the assessment was made, and which was sold to pay said assessment, was a different tract of land from that sued for.

The deed recites that the land assessed was 984 acres of the R. A. Campbell survey, and the land which the field notes describe as conveyed is a part of the said Campbell survey. The land sued for is a part of the Geo. A. Campbell one-third league.

We think there is no error in the judgment and that it should be affirmed.

*Affirmed.*

Adopted December 9, 1890.