## CRUMP v. RODGERS.
### No. 5968.

Circuit Court of Appeals, Fifth Circuit.
March 23, 1931.

J. Q. Mahaffey, of Texarkana, Tex. (Jno. J. King, J. I. Wheeler, and C. E. Bryson, all of Texarkana, Tex., on the brief), for appellant.

L. E. Keeney, of Texarkana, Tex. (Rollin W. Rodgers, Sr., N. L. Dalby, and Rollin W. Rodgers, Jr., all of Texarkana, Tex., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

The banking commissioners of the state of Texas obtained two judgments against the independent executrix of the estate of N. A. Shaw, deceased, aggregating $13,749.99, with interest and costs. The appellant acquired said judgments for the sum of $5,000, and collected a portion thereof by execution upon property of the estate. He thereafter seized, sold, and bought in the lands in controversy here on the 11th of June, 1926. This action was then commenced in the state court for Bowie county, Tex., which was removed to the court below. The petition alleged that on December 31, 1924, the executrix, with the intent to hinder and delay the collection of plaintiff's claim, had fraudulently conveyed to the defendant, Rodgers, about two hundred acres of land belonging to the deceased, for the recited consideration of $5,000, in the settlement of fees as attorney for said estate; that at the time of the attempted conveyance said property was worth at least $10,000; and that the fee claimed was grossly excessive. Plaintiff prayed that the said deed be annulled as a cloud upon his title and for rents.

Defendant admitted that the property had been conveyed to him at a fixed value of $5,000, in settlement of attorney's fees for valuable services rendered to the estate, but averred that it was not worth in excess of $3,500; that said fee was a privileged claim upon the property of the estate and the executrix had full authority under the law to make the conveyance.

As found by the court below, we think the record fails to show the slightest element of fraud, or that the property was worth more than the amount for which it was conveyed in settlement of the fee. The sole question, as we see it, is as to whether the relation between the executrix and the law firm which represented her, of which defendant was a member, was such as to render illegal the transfer of the land in payment. The estate inventoried more than $100,000 of assets. The attorneys, in addition to handling the routine matters of probating the will, qualifying the executrix, etc., had considerable difficulty in ascertaining the extent of the properties owned by the deceased, being compelled to engage outside help for that purpose; they spent considerable time in making arrangements to cultivate the land; some thirty to forty days were consumed in examining the law in matters affecting the estate; numerous trips were made to the farms, requiring one to three days at a time; they defended a suit in which the estate, as well as a member of the law firm were defendants, which entailed much labor; the extent of the indebtedness of the estate was very uncertain, and a good deal of time was required to work it out and determine what claims were just; they had to arrange for the renewal of two loans of $20,000 and $35,000, respectively, and collected debts amounting to more than $46,000, which they disbursed in settlement of the estate.

There is no doubt but that the executrix had the right to employ counsel and pay them a reasonable fee for their services. The defendant contends that this could not be done by conveying the property, for the reason that the relation between her and the attor-

neys was in its nature a joint trusteeship and prevented the transaction between them. Like the court below, we are unable to see anything in the case other than an agreement between attorney and client. There was no cash with which to pay the fee, and, if property had been sold for this purpose, it would have entailed a greater sacrifice, to the detriment of the creditors.

Of course the courts will scrutinize closely matters of this kind, but we find nothing herein to justify a reversal of the judgment of the lower court. See McDonald v. Hamblen, 78 Tex. 628, 14 S. W. 1042; Ewing v. Schultz (Tex. Civ. App.) 220 S. W. 625; Schramm v. Hoch (Tex. Civ. App.) 241 S. W. 1087.

The judgment appealed from is therefore affirmed.

Affirmed.