## EDWARD SMITH v. W. H. CHATHAM, EX'OR.

In an action for the recovery of land, partial discrepancies between the description of the land as given in the petition and as given in the title offered in evidence, do not raise a question of variance between the allegations of the petition and the evidence offered in support of them, but a question of identity of the land described in the petition and that described in the title. Therefore such discrepancies are not material, if it appear from the whole description in the title, to be the same land described in the petition.

Where the description in a deed called to commence at David Strickland's south-*west* corner, and run west with D. Strickland's line, and further described the land by the name of the original grantee, by the number of acres, and by the adjoining surveys, and it was proved that the land corresponding to the last three calls began at David Strickland's south-*east* corner and ran west with David Strickland's line, it was held that the land was sufficiently identified.

Where the body of the land is sufficiently described to identify it beyond doubt, and control, with sufficient certainty, erroneous particular descriptions, the latter may be rejected, to give effect to the former and uphold the deed.

Error from Harrison. Trespass to try title, by plaintiff in error, against defendant in error. The land was described in

the petition to be "twenty-six labors of land lying in the eastern "part of the county of Harrison, about six miles west of the "State line, that divides the State of Texas from the State of "Louisiana, situated and bounded as follows, to wit: survey "begins at the south-east corner of David Strickland's survey, "running west with D. Strickland's line 4350 varas, a corner; "thence south with W. R. D. Ward's line, at 1680 varras, in- "tersects line of survey marked B. A.; thence with the line of "B. A., at 6370 varas intersects the north line of E. Smith's "survey, a corner, witness trees marked A. T.; thence north "6907 varas to place of beginning; located and surveyed by "virtue of the headright certificate of Benjamin F. Hooper, also "known as and called B. F. Hooper, for one league and labor "of land issued to him by the board of land commissioners of "Shelby County and numbered 387."

The plaintiff claimed by virtue of a Sheriff's sale under exe- cution against Hooper. After introducing evidence of title in Hooper, and of the judgment and execution against him, the plaintiff proposed to read the levy and Sheriff's deed; but on objection by the defendant, both were excluded. They both described the land as "twenty-six labors. of land situated in "the county of Harrison, located and surveyed by virtue of a "certificate No. 387, issued by the board of land commissioners "of Shelby County, to B. F. Hooper, land begins at the south- "west corner of David Strickland's survey, running west with "D. Stickland's line," &c. (Same as in the petition, except the call for the south-*west*, instead of the south-*east* corner of David Stickland.) The description in the petition corresponded with the field notes of Hooper's survey.

*Clough & Lane*, for plaintiff in error. The land described in the petition, describes the same land as is described in the field notes of the Hooper survey, which original field notes were admitted in evidence. The question is, do the levy and deed describe the same land described in the survey. The dif-

ficulty, if any, is, that after fully describing the corpus, an erroneous particular description is given.    That the corpus is sufficiently described, without the particular description, can scarcely be doubted.

The Court is referred to the following authorities, viz : 19 Johns. R. 81, 87 ; 7 Id. 217, Jackson v. Clark ; U. S. Dig., Vol. 4, p. 537, Sec. 431 ; Id. p. 769, Sec. 789 ; 1 App. 115 ; Wing v. Burgis, 1 Shep. 111 ; 1 Ired. 283.

The levy would have been good, and, consequently, the deed, if the particular description had not at all been attempted.  It would have been good, because it fully described the land levied on, viz : 26 labors of land, surveyed on B. F. Hooper's certificate, (No. 387,) and situate in Harrison county.    The question is, was there such a tract of land ?    The survey shows there was.    Then, it was levied on.    Tne same reasoning applies to the deed.

*C. A. Frazier,* for defendant in error.    The third and fourth assignments are, that the Court erred in excluding from the jury, as evidence, the Sheriff's deed and copy of the levy of the execution under which the land was sold.    Both of these papers were ruled out, on the ground of a variance between them and the allegation.    The allegation is, that the south-east corner of David Strickland's survey is the beginning corner, and that the line runs thence west ; but the deed and levy describe the south-west corner of that survey as the beginning corner, and state that the line from that point runs west.    The question is, whether there is such a variance as to justify the exclusion of the deed and levy from the jury.    It is admitted that there are numerous cases in which it has been decided that, where the body of the land is sufficiently described to identify it beyond doubt, and control with proper certainty erroneous particular descriptions, the latter may be rejected, to give effect to the former and uphold the deed ; but it is insisted that these cases are invariably founded on conflicting descriptions con-

tained in the deed, and not upon a difference between the description in the petition and that in the deed. In order to avoid a variance between the allegation and the proof, the boundaries set out in the petition should only be such as are relied on to identify the land, carefully omitting all the erroneous particular descriptions contained in the deed, which are to be rejected as marks of identity. Then, when the deed is offered, it cannot be excluded, because it will contain all the descriptive statements set forth in the petition, and will correspond with the description alleged, in every particular ; and it will be for the Court to say, whether the particulars can be discarded, as immaterial, or for the jury to determine the question of identity, as in a case of conflicting proof. More than this, the petition must be silent as to the fact erroneously stated in the deed ; for if it speaks on the point, it must contradict the deed, and a variance will be inevitable ; and, as a consequence, the proof must be excluded.

The rule that the substance of the issue only need be proved and that immaterial allegations may be disregarded, will not avail the plaintiff in error in this case, for it is confined to the allegation of matter which is, in its nature, immaterial, and is not extended to redundancy of allegation, on a subject in its nature material. Mr. Greenleaf says : "There is, however, a "material distinction to be observed between the redundancy "in the allegation, and redundancy only in the proof. In the "former case, a variance between the allegations and the proof "will be fatal, if the redundant allegations are descriptive of "that which is essential." (Greenl. on Ev., Sec. 67.) There can be no doubt, that the description of the land is essential, and it is, therefore, within the rule cited. But again the same author says : " And in these actions, as well as in those for in- "juries to real property, the abuttals of the close in question "must be proved as laid : for if any one may be rejected, all " may be equally disregarded, and the identity of the subject "be lost." (Id. Sec. 62.)

There being so great a diversity of ways in which land may

be identified, the law, or the Court, will not undertake to determine for the plaintiff how it shall be described, but will leave him to such description as he may choose to adopt.  He may identify it by the land of the surrounding owners, by corners, courses and distances, or by such other marks of identity as have severed it from other lands, and given it notorious designation ; and it is but just, that he should be confined in his proof to the boundaries which he has adopted in his petition ; for, in the event of another suit, reference must be had to it, to determine whether the same subject matter is again attempted to be brought in question ; and if the description is not sufficient for this, the judgment will not protect the defendant from subsequent litigation.

It must be admitted that, if the description contained in the deed and levy, and that set forth in the petition, are both true, they describe different tracts of land ; and that, in this event, the ruling of the Court was proper.  The marks of similarity between the two, are relied on to show that they designate the same land ; but a moment's reflection will show that this is an unreliable test.  Both descriptions are of a league and labor, and this may reasonably account for the length of the lines corresponding ; and the fact that each tract is described as having been surveyed by virtue of the same certificate, may afford but another instance of the repeated practice of raising certificates, and changing their location.  It is well known that, at the time the certificate in question was located, the public domain lay in large bodies, and that the same person frequently had various surveys adjoining each other, which may account for the two descriptions calling for the lines and surveys of the same person, it may be rationally conjectured, that the David Strickland survey was an abandoned eleven league grant, so situated as to permit, in connection with it, two league and labor surveys, situated as the one described in the deed and levy, and as that described in the plaintiff's petition, and for the lines of Ward and Smith, to bound each of them as stated.

It devolves on the plaintiff to conform his allegations to his

proof. It is not pretended that, when land is in fact misdescribed by a deed, the purchaser is without remedy, and unprotected in the enjoyment of his rights. It is only urged that, in the pursuit of them, he should conform to the ordinary rules of procedure.

WHEELER, J. The assignment of error mainly relied on, and the only one which it is deemed material to consider, brings in question the propriety of excluding the evidence of the Sheriff's levy and deed, offered by the plaintiff as evidence of his title.

It is not questioned, that the land, embraced in the survey claimed by the plaintiff, is correctly described in his amended petition, filed on the 18th of December, 1851. But it is insisted, that the description in the levy and deed is variant from that contained in the petition ; and that on account of the variance, the evidence was rightly excluded. If the present were properly a question of variance, the authorities and principles invoked would, perhaps, be controlling in favor of the appellee. But it is not to be viewed in the light of a variance between the description of a cause of action, set out in the petition, and an instrument offered as containing the evidence of the cause of action. It is not analogous to a suit upon a bond, note, or other instrument constituting the evidence of the cause of action. In those cases, it is very true, that any material variance between the description of the instrument in the petition, and the instrument itself, will authorize its rejection when offered in evidence. But the present is not such a case. The petition does not describe, or assume to describe the levy and deed ; if it did, the objection to their admissibility on account of the variance would have been well taken. But it is not these, but the land claimed by the plaintiff, which the petition describes ; and the question is one of identity. It is, whether the evidence offered by the plaintiff to establish a title in himself to the thing sued for, sufficiently identifies that thing, to afford evidence of the plaintiff's right

to it ; not whether the same descriptive words are used in the petition and the deed, but whether both refer to the same thing ; in one word, whether the evidence identifies the land sued for. We think it does. There is evidently a mistake in one of the descriptive calls in the levy and deed ; that is, as to the point of beginning ; calling to begin at the "south-west corner of David Strickland's survey, running west with D. Strickland's line." &c. This is demonstrably impossible, and consequently a mistake ; it being impossible to commence at a west corner of a survey and run west with a line of the survey. To run west with the survey, the point of beginning must, of course, be east of the western corner or extremity of the survey ; and hence, to commence as designated by this call in the levy and deed, the first step would be a departure from the direction of the deed. The point of beginning or line to be pursued must, therefore, be an error. That it is the former, and that it is the south-east instead of the south-west corner of the Strickland survey, at which the plaintiff's survey, as designated in the levy and deed, actually commences, seem to be matters sufficiently susceptible of being shown conclusively, by reference to the description and identity of the land, afforded by the other calls.

Counsel do not differ as to the law applicable to this question ; but only as to its application. It is ingenuously, and very justly admitted by counsel for the appellee, that " there are numerous cases in which it has been decided, that, " where the body of the land is sufficiently described to identify " it beyond doubt, and control, with sufficient certainty, errone- " ous particular descriptions, the latter may be rejected, to give " effect to the former and uphold the deed." Such unquestionably is the well settled law ; and such, we think, is this case. The description identified, beyond doubt, the land actually conveyed to the plaintiff by the Sheriff's deed ; and the Court therefore erred in excluding the evidence.

We do not think proper, in the present attitude of the case, to discuss other questions, respecting the merits of the plain-

tiff's title.    It might not be fair to assume  that the other evi-
dence in the case would have been the same, if the evidence in
question had not been excluded ; or that the same will be the
evidence upon another trial.    Any opinions we might entertain
upon the case, as now presented, might be formed upon a too
narrow, or partial view of the facts ; and might be erroneous,.
or unjust, considered in reference to the real facts of the case,
as they shall ultimately be disclosed in evidence, upon another·
trial.    Our opinion upon the admissibility of the plaintiff's·
evidence of title, will require that the judgment be reversed,
and the cause remanded for a new trial ; when the merits of
the case can be fully ascertained, and the rights of the parties
definitely settled.

Reversed and remanded.