### Wm. F. OLIVE v. W. C. BEVIL ET AL.

(Case No. 2718.)

1. LIMITATIONS.— Heirs claiming title to land under the ten years' statute of limitations may tack their possession to that of the ancestor to complete the ten years' occupancy required by the statute.

2. STATUTES CONSTRUED.— Article 4624, Pasch. Dig., was not affected by the provisions of art. 4621, so as to require that the ancestor should have had five years' possession of land claimed by the heir under the ten years' statute of limitations, in a case when it required the combined possession of the ancestor and heir to complete the bar.

3. FACT CASE — SECONDARY EVIDENCE.— See opinion for facts under which it was permitted to prove the former existence, loss and contents of a written instrument, and suggestions as to proper practice.

APPEAL from Bastrop. Tried below before the Hon. J. P. Richardson.

Appellant brought this suit March 5, 1875, against appellees, to recover seven hundred acres of land out of the one-third of a league patented to Cunningham, as assignee of Dempsey Pace; the patent bore date the 26th day of September, A. D. 1845. The deed from Cunningham to appellant was dated 8th day of June, 1847. The petition contained the usual allegations in trespass to try title, and in addition alleged that the appellees were setting up a pretended claim to the land by virtue of a deed from Cunningham to appellee, Mrs. Bevil, dated August 10, 1869, and that the same cast a cloud upon his title.

By supplemental petition, filed May 15, 1874, J. T. Dunbar and Sarah Rutherford and her husband were made defendants, under the allegations that J. T. Dunbar and Sarah Rutherford were children of Wm. Dunbar, deceased, and Mrs. Bevil, formerly Mrs. Dunbar, and that they were also on the land, claiming the same as such children and heirs.

The defendants answered by general denial, not guilty, and set up the statutes of three and ten years; and fur-

ther, that Wm. Dunbar, deceased, and his wife, now Mrs. Bevil, were the owners by purchase of an interest amounting to seven hundred acres, of the Dempsey Pace certificate, the same located upon the land in controversy, and said interest in the certificate was transferred to them by Goodwin, the owner of the same. J. T. Dunbar, Sarah Rutherford and her husband adopted the former answers of their co-defendants.

The court in its charge in effect limited the investigation to the one issue, and that was as to the defendants' right to six hundred and forty acres of land under their plea asserting the ten years' limitation. The jury found for the defendants, and judgment was rendered accordingly, from which this appeal is taken.

The evidence shows, with reasonable certainty, that Wm. Dunbar and wife settled upon the land in controversy before the 1st day of July, 1854, under a claim of title; that they improved the same by building houses, clearing and fencing land, etc.; that they continued to occupy the same until December, 1855; that Wm. Dunbar then died, and Mrs. Dunbar (now Bevil) with her children continuously occupied and claimed the same until the institution of this suit, March 5, 1874, and were still occupying and claiming the land at the trial of the cause.

The two points mainly relied upon on appeal were:

*First.* That the statute of limitations was suspended by the death of William Dunbar and remained suspended for five months, at which time his administrator qualified.

*Second.* That as Dunbar had not occupied the land for five years at the time of his death, there was nothing to descend to his heirs, and that they could not tack their occupancy to his, so as to complete the bar.

*H. McLester* and *N. G. Shelley,* for appellant.— Title by

descent cast is as effective to pass title as by deed or other-
wise; but the law of descent and distribution clearly con-
templates the idea that the ancestor must have had title
to property before it can descend to the heir.    Under this
law, it is evident to the most casual observer that Dunbar
had no such interest in the land as could in any manner
descend to the heirs.    O. & W. Dig., p. 99; also art. 822.

*Jones & Sayers,* for appellees.

WATTS, J. COM. APP.—At the time of the trial the ap-
pellees filed the affidavit of Bevil, as to the loss of the
transfer from Goodwin to Dunbar of the seven hundred
acre interest in the certificate.    It is insisted that the
affidavit was not sufficient to authorize the introduction
of parol evidence of the existence, contents and loss of
that instrument, and that the court erred in admitting
such evidence over the objections of appellant.

The statute referred to in the argument has respect
solely to the introduction of copies of recorded instru-
ments without the necessity of proving their execution.
Pasch. Dig., art. 3716.

But when it is proposed to prove the existence, loss and
contents of a written instrument by oral evidence, the
practice has been either to aver the loss in the pleadings
or to file an affidavit to that effect; and while this is the
proper practice, we know of no rule of law that impera-
tively requires it to be done.    The affidavit of Bevil suf-
ficiently states the loss of the instrument, the search for
it, and that the defendants cannot procure the same.

We are of the opinion that the court did not err in ad-
mitting the evidence objected to, and especially so in view
of the fact that the only bearing that evidence could have
upon the issues as tried, was that it tended to show that
Wm. Dunbar was claiming the land at the time he settled
upon it.

Counsel for appellant claim that at the death of William Dunbar in December, 1855, the running of the statute in favor of the appellees, then in possession, was suspended, and so remained until the qualification of Dunbar's administrator, near six months after the date of his death.

Whether this is true or not is immaterial, as the record clearly shows that, excluding the time from the death of Dunbar to the qualification of his administrator, still full ten years elapsed while the statute was in operation, and the bar is shown to be complete.

Appellant insists that the third clause of art. 4621, Pasch. Dig., which is as follows: " The death of one dying possessed of such estate without right shall not be such descent to the heir of the decedent as to bar entry of the person entitled at the time of the descent, unless such decedent shall have had five years' peaceable possession," has a controlling influence upon the defense of limitation asserted by the appellees. The point made is this: that Dunbar had not occupied the land for five years at his death, and hence appellees, as his heirs, could not tack their possession to his, so as to complete the bar of ten years. In the case of Horton v. Crawford, 10 Tex., 382, it is in effect held, that article 4621 does not qualify, influence or affect the operation of article 4624, and that ten years' adverse possession, taken and held under the circumstances mentioned in the latter article, would constitute an effectual bar, without reference to the provisions of article 4621.

In this connection it is also contended that there was no privity shown between the possession of Wm. Dunbar, deceased, and the subsequent possession of the appellees. In other words, Dunbar's possession did not vest in him such right as would, at his death, pass by descent to his heirs, and thus make a continuous holding or possession for the time necessary to effect the bar.

In Cochran v. Faris, 18 Tex., 857, it was said: " The

land must be used and cultivated; but whether this be done by Riley or his tenants or agent, those holding under him, is immaterial. His possession, whether held by himself or others under him, gave him a right which he could convey, or which would pass by descent to his heirs, or which might be disposed of by his administrator."

The verdict of the jury is supported by the evidence, and as there is no error in the record requiring a reversal of the case, we are of the opinion that the judgment ought to be affirmed.

AFFIRMED.

[Opinion delivered October 18, 1881.]