### SALLIE E. FOSSETT v. A. G. McMAHAN.

#### No. 7047.

1. **Evidence—Order Setting Apart the Homestead.**—An order of the Probate Court setting apart a homestead to the widow and children of a deceased husband is admissible in evidence without being first duly recorded in the county in which the homestead lies.

2. **Limitation.**—When limitation of five years is pleaded, and a deed to a deceased husband, duly recorded, is in evidence, an order of the Probate Court setting apart a homestead, including part of the tract deeded to the deceased, is competent to show the extent of possession by the widow claiming the homestead by limitation.

3. **Decrees of Probate Courts—Homestead.**—After the Probate Court has entered an order designating and setting apart to the widow and children their homestead, no subsequent order of that court could disturb their right to the homestead so set apart unless such subsequent order was rendered in a direct proceeding brought for the purpose of vacating the order designating the homestead.

APPEAL from Bosque. Tried below before Hon. J. M. Hall.

The opinion states the case.

*Gillette & Murrell*, for appellant. — 1. Where by a decree duly entered of record the County Court sets apart and designates by metes and bounds the homestead of the widow and minor children of a deceased person, such decree is the best evidence of their homestead rights, and is sufficient muniment of the title where they connect themselves with the State to defeat a recovery of the homestead, or any part thereof, in an action of trespass to try title, and it is error to exclude it. Harrison v. Oberthier, 40 Texas, 385; Yarboro v. Brewster, 38 Texas, 409, 410; Cannon v. Bonner, 38 Texas, 487.

2. Where the homestead of the widow and minor children has been designated by metes and bounds partly upon one tract of land owned by

the widow and her husband during his lifetime, and partly upon another tract held by them as tenants in common with others, the homestead interest of said widow and minor children in the tract held as tenants in common will be protected to the extent at least of their undivided interest in all of the tract covered by the field notes of said designation. Clements v. Lacy, 51 Texas, 159; Jenkins v. Volz, 54 Texas, 636.

*West & McGowan* and *Crane & Ramsey,* for appellee, cited Gaines v. Bank, 64 Texas, 18; Tom v. Sayers, 64 Texas, 339; Simmons v. Blanchard, 46 Texas, 266; Hobby's Land Law, sec. 267; Rogers v. Ragland, 46 Texas, 6.

ACKER, PRESIDING JUDGE.—Henry Fossett died in July, 1881, seized and possessed of 196 acres of land off of the south side of the Moses King 640-acre survey, on which he and his family, consisting of his wife (the appellant) and their children, had lived and had their homestead for twenty years.

T. H. McMahan, who died in 1871, leaving nine heirs, owned 216 acres of the King survey north of and adjacent to the 196 acres owned by Fossett. In December, 1880, M. V. McMahan, one of the nine heirs of T. H. McMahan, acting for himself and as attorney in fact for his eight brothers and sisters, conveyed the 216 acres to Henry Fossett. In July, 1882, the County Court of Bosque County, in which the administration of the estate of Henry Fossett was pending, made an order designating and setting apart by metes and bounds to appellant and her children their homestead of 200 acres, so as to include a part of the 196 acres and a part of the 216 acres.

In May, 1883, in pursuance of an order of the Probate Court, the administrator of Fossett's estate sold and conveyed to Robert Fossett, son of Henry and appellant, the 216 acres of land conveyed by M. V. McMahan to Henry Fossett. The order of sale was entered, and the sale made and confirmed in the manner prescribed by law. All of the other heirs of McMahan except M. V. McMahan conveyed their interests to A. G. McMahan, who brought this suit for the 216 acres of land in December, 1887, against appellant and her minor children, Robert Fossett, and Whitworth and Baker, who held 100 acres under Robert Fossett through the sale by the administrator.

The defendants answered by plea of not guilty, and pleaded the three and five years statutes of limitation.

The trial was without a jury, and resulted in judgment in favor of appellee A. G. McMahan for the 216 acres of land.

Sallie E. Fossett alone appealed.

The court filed conclusions; the record also contains a statement of facts.

The deed from the McMahan heirs to Henry Fossett for the 216 acres, of land was duly recorded on the 6th day of April, 1881, and Robert Fossett testified that appellant with her children "had resided upon, using and enjoying the premises described and set apart to her and her children as a homestead for more than five years next before the commencement of this suit." There was no evidence tending to contradict this.

It seems to have been conceded that M. V. McMahan had no power or authority to act for his brothers and sisters in making the conveyance to Henry Fossett.

On the trial appellant offered in evidence a certified copy of the order of the Probate Court designating and setting apart the homestead to her and her children as a muniment of title and in support of her plea of the five years statute of limitation, to which appellee objected upon the grounds that it was not such deed or muniment of title as would support the plea of limitation, and that it was not duly recorded. The objection was sustained and the evidence excluded, to which appellant excepted and here contends that this ruling was error.

The order of the Probate Court designating and setting apart the homestead was not a judgment or decree by which the title of the land was recovered, nor was it a partition of land within the meaning of article 4339 of our Revised Statutes, which requires all judgments or decrees of any court deciding questions of title or directing partitions of land to be recorded in the county clerk's office of the county where the land or a part of it may be, before such judgment or decree will be admissible in evidence. It was not therefore necessary that it be so recorded before being introduced in evidence.

Appellant introduced in evidence the deed from M. V. McMahan to her husband for the 216 acres of land, which was duly registered in April, 1881, and it was proved that she took possession of the 200 acres described in the order designating and setting apart the homestead, and that she had occupied and enjoyed its use for more than five years next before this suit was brought. If she had further proved payment of taxes, as required by the five years statute of limitation, she would have needed no other muniment of title and would have been entitled to judgment on her plea of limitation for so much of the land sued for as was included within her possession. The evidence was admissible to show the extent of appellant's claim, and the court erred in excluding it.

It is contended that the court erred in its conclusion that the sale by the administrator of Fossett in May, 1883, conveyed the title to the land acquired by Henry Fossett by the conveyance from M. V. McMahan. It appears that prior to this sale appellant was in possession of the land designated and set apart by the Probate Court as the homestead of herself and her children, which included a part of the land described in the deed from M. V. McMahan to Henry Fossett, and in controversy in this

suit. The fourth conclusion of the court is: "M. V. McMahan had no authority to act for his brothers and sisters, and his deed only conveyed his undivided one-ninth interest in the land."

There can be no question of the correctness of the conclusion that Fossett acquired one-ninth of the land in controversy by the conveyance from McMahan, and that his estate held this interest at the time the court of probate made the order setting apart the homestead is equally clear. To the extent that that interest was covered by the designated homestead appellant would be entitled to hold, and the subsequent sale by the administrator could not disturb her right. After the Probate Court has entered an order designating and setting apart to the widow and children their homestead, no subsequent order of that court could disturb their right to the homestead so set apart, unless such subsequent order was rendered in a direct proceeding brought for the purpose of vacating the order setting apart the homestead.

We think the court erred in the conclusion here complained of. Having found that the deed from McMahan to Fossett conveyed a one-ninth interest in the land sued for, and, having also found that "any title Henry Fossett may have acquired before his death was conveyed out of his estate by the deed from his administrator to Robert Fossett," we are utterly unable to discover the grounds upon which judgment was rendered in favor of appellee for the entire 216 acres of land.

For want of proof of payment of taxes by appellant we can not render judgment here in her favor for so much of the 216 acres as is included in the boundaries of the designated homestead.

For the errors indicated we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted October 22, 1889.