GRISWOLD et al. v. COMER et al.

(Court of Civil Appeals of Texas. Galveston. Oct. 24, 1913. On Motion for Rehearing Nov. 13, 1913.)

1. ADVERSE POSSESSION (§ 79*)—COLOR OF TITLE—SUFFICIENCY OF DEED.

A tax deed which correctly described a tract of land by metes and bounds and which further identified it by reference to the correct abstract number was not insufficient as a basis for prescription under the five-years statute because it referred to the survey thereof as in the name of S., whereas the patent was issued to the heirs of S.'s assignee, and incorrectly referred to the certificate number; especially where it did not appear that the survey was not marked on the county map as the S. survey.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 459–462; Dec. Dig. § 79.*]

2. ADVERSE POSSESSION (§ 95*)—SUFFICIENCY OF EVIDENCE—PAYMENT OF TAXES.

Where in trespass to try title it did not appear that no other evidence was introduced to show the payment of taxes, the evidence was not insufficient to show such payment merely because the tax receipts, which otherwise correctly described the land, gave a wrong certificate number, as the payment of taxes could have been shown by circumstances.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 530–532; Dec. Dig. § 95.*]

3. ADVERSE POSSESSION (§ 79*)—COLOR OF TITLE—SUFFICIENCY OF DEED.

Where the heirs of the holder of a duly recorded tax deed by partition deed partitioned his land, the possession of one of the heirs thereafter was under a registered deed within the meaning of the five-years statute, though she did not record her own deed, since she could prescribe under her ancestor's deed as to the whole tract and not merely as to her distributive share thereof.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 459–462; Dec. Dig. § 79.*]

4. EXECUTORS AND ADMINISTRATORS (§ 152*) —ACCOUNTING AND SETTLEMENT—EVIDENCE OF SETTLEMENT.

Where in 1874 the property of an estate was partitioned by the probate court among the heirs, except as to a particular tract, as to which the administration was kept open, and the court retained jurisdiction, which tract was sold under the order of the court in 1876, the administrator in 1877 filed his application for final discharge, and the records of the court showing what other proceedings were taken were destroyed by fire, the facts sufficiently showed that the administration had been closed before 1881, when the administrator bought land awarded to one of the heirs in the partition of 1874, at a tax sale, and that no fiduciary relation then existed between him and such heir.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 621–628; Dec. Dig. § 152.*]

5. EXECUTORS AND ADMINISTRATORS (§ 152*) —PURCHASE OF PROPERTY BY ADMINISTRATOR.

Where certain land of a decedent was partitioned among his heirs by the probate court, that set apart to one of the heirs ceased to be the property of the estate, the administrator ceased to have any control thereover, and was not bound to pay the taxes thereon, or do anything to protect the rights of the heir, even though the administration had not been closed; and hence he could purchase the property at a tax sale thereof.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 621–628; Dec. Dig. § 152.*]

6. ADVERSE POSSESSION (§ 31*) — CONCEALMENT OF POSSESSION.

Where a tax sale was publicly made, the tax deed promptly recorded, and the heirs of the holder of the deed thereafter partitioned his land, the failure of one of the heirs to record the partition deed or to put leases thereof by her under which her lessees took actual possession on record, did not show fraud or a concealment of her claim of ownership.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 128–133; Dec. Dig. § 31.*]

7. ADVERSE POSSESSION (§ 79*)—COLOR OF TITLE—SUFFICIENCY OF DEED.

For a tax deed to be sufficient as a basis for prescription under the five-years statute, all the prerequisites of the law need not be complied with in making the tax sale.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 459–462; Dec. Dig. § 79.*]

8. ADVERSE POSSESSION (§ 22*)—SUFFICIENCY OF POSSESSION.

A person who fenced land and used it continuously, exclusively, peaceably, and notoriously for a pasture for live stock had sufficient possession thereof within the five-years statute.

[Ed. Note.—For other cases, see Adverse Possession; Cent. Dig. § 111; Dec. Dig. § 22.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

On Motion for Rehearing.

9. ADVERSE POSSESSION (§ 80*)—COLOR OF TITLE—SUFFICIENCY OF DEED.

Under the five-years statute of limitations, which requires the adverse possession relied upon to give title to be under a deed duly registered, the deed must describe the land with sufficient certainty to identify it.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 463–467; Dec. Dig. § 80.*]

10. DEEDS (§ 111*)—DESCRIPTION OF PROPERTY—REPUGNANCY.

Where by the rejection of a false and impossible part of a description which is repugnant to the general intention of a deed a perfect description will remain, the false part should be rejected and effect given to the deed.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 309–315, 334, 335; Dec. Dig. § 111.*]

Appeal from District Court, Chambers County; L. B. Hightower, Judge.

Trespass to try title by D. E. Griswold and others against Mrs. C. C. Comer and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

R. J. McMurrey, of Anahuac, and Marshall & Harrison, of Liberty, for appellants. W. R. Anderson, of Carthage, and E. B. Pickett, Jr., and Stevens & Stevens, all of Liberty, for appellees.

REESE, J. This is an action of trespass to try title, instituted by D. E. Griswold and others against Mrs. C. C. Comer, the Old River Rice & Irrigation Company, J. T. Bayliss, Joseph Raper, and Oscar J. Petty, to recover a certain 320 acres of land, the east half of a section patented to the heirs of Elias Griswold. The plaintiffs also claimed damages by way of rents for two years preceding the institution of the suit.

Old River Rice & Irrigation Company answered by general denial, and alleged that it had cultivated the land, for the term during which rents were claimed, through its tenants. Other defendants adopted this as their answer, except C. C. Comer, who pleaded not guilty and the statute of limitation of five and ten years. Mrs. Comer claimed the title. The other defendants were her tenants. The case was tried without a jury, resulting in a judgment for defendants on Mrs. Comer's limitation plea of five years. From the judgment, plaintiffs appeal. The court prepared and filed conclusions of fact and law. The findings of fact are supported by the evidence and are adopted by us. They are as follows:

"I find that the land described in plaintiffs' petition was patented to the heirs of Elias Griswold on the 17th day of January, 1862. I further find that S. A. Miller was administrator of the estate of Elias Griswold, and that as such administrator, on the ——— day of September, 1874, in the district court of Houston county, Tex., where said administration was pending, a partition was had of all the property and lands of said estate, save and except a claim of 640 acres of land situated in Madison county, Tex., known as the A. Boatwright survey.

"I find that said court, at the time of said partition in September, 1874, retained jurisdiction of said estate in order to litigate a claim to said Boatwright survey, and that the remainder of the estate, including the land in controversy, was partitioned as aforesaid by said court in September, 1874, and that said land in controversy was set aside to Ambrose Griswold, an heir and son of Elias Griswold, deceased, as his distributive share of said estate thus partitioned.

"I find that Ambrose Griswold died about the 6th day of December, 1906, and that the plaintiffs are lawful heirs. I further find that neither Ambrose Griswold nor his said heirs have ever resided in Texas, but have always resided in the states of Missouri and Illinois. I further find that during the year 1877, S. A. Miller, administrator of said estate, filed his application for final discharge, and that in 1876, acting under an order of the court having jurisdiction of said estate, the said S. A. Miller, as administrator, sold the A. Boatwright survey of land situated in Madison county, Tex.

"I further find that all of the probate records and court records of Houston county have been destroyed by fire, save and except said decree of partition and said application by said administrator for final discharge.

"From the foregoing facts the presumption arises that the administration of said estate was closed and the administrator discharged prior to the 3d day of May, 1881. I further find that S. A. Miller, on the 3d day of May, 1881, purchased the land in controversy at tax sale, and that a deed properly describing the land was executed to him by the tax collector of Chambers county on the 3d day of May, 1881, which deed was duly recorded upon the deed records of Chambers county, Tex., the same year. I further find that none of the plaintiffs had any actual knowledge of said tax sale until shortly before the institution of this suit.

"I find that after the death of S. A. Miller, about the 17th day of August, 1897, the estate of S. A. Miller was partitioned among his several heirs by partition deed, and the land in controversy described by said tax deed was conveyed by the other heirs of S. A. Miller to one of his heirs, to wit, Amelia Miller, who is now the defendant Mrs. C. C. Comer, and that said deed was duly registered in Chambers county, Tex., on the 4th day of September, 1911.

"I further find that from the ——— day of October, 1904, the defendant Mrs. C. C. Comer has had enclosed, used, and held in peaceable adverse possession the land in controversy up to the present time, and that said defendant, Mrs. C. C. Comer, formerly Amelia Miller, has paid all taxes on said land annu-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ally as the same accrued during said occupancy by her."

[1] The first assignment of error assails the judgment on the ground that the tax collector's deed to S. A. Miller does not describe the land in controversy and did not afford a basis for prescription under the five-years statute. The findings of fact do not show the facts with regard to this deed which are urged as a basis for this assignment, but simply that the deed properly described the land. The record shows that the land was patented to the heirs of Elias Griswold, assignee of George L. Short, patent No. 370, certificate No. 436, issued to George L. Short. The tax collector's deed to S. A. Miller, under whom Mrs. C. C. Comer claims title, describes the land as "320 acres, the east half of a 640-acre survey in the name of George L. Short, abstract No. 228, certificate No. 426," followed by a full description of the 320 acres by metes and bounds, definitely and accurately describing the east half of the 640 acres described in the patent. This particular description, if taken alone, clearly and unmistakably identifies the land. Appellants' contention, as presented in the assignment, is based upon the reference in the deed to the survey as in the name of George L. Short, when the patent was issued to the heirs of Elias Griswold, assignee of George L. Short, and the further fact that the certificate is referred to as No. 426, while the correct number is 436, as shown by the patent. These mistakes are unimportant in view of the unmistakably correct description and identification of the land by the particular description contained in the field notes. It may be that the survey was marked on the county map as the George L. Short. The record does not show. All of the witnesses refer to it as the George L. Short survey. The tax collector so speaks of it, identifying further by giving the correct abstract number and the particular description by field notes, showing metes and bounds. The description was clearly sufficient to convey the land in controversy, and the record thereof was sufficient notice to the true owner, under the five-years statute of limitation. In construing the deed the "falsa demonstratio" would be discarded, and regard only had to the correct description afforded by the field notes. Arambula v. Sullivan, 80 Tex. 619, 16 S. W. 436. In the light of the evidence, the reference to the survey as in the name of George L. Short really serves more clearly to identify the land. In all the cases cited by appellants in support of their contention there was no particular description by which the land could be identified. They have no application to the present case. The assignment and the several propositions thereunder are overruled.

[2] It is contended by appellants under their second assignment of error that the evidence was insufficient to support appellee's claim of title under the five-years statute, because in the tax receipt a wrong certificate number is given. The receipts otherwise correctly described the land, and the evidence was sufficient to show payment of taxes under the statute. The court finds that the taxes were paid. This could have been shown by circumstances. Watson v. Hopkins, 27 Tex. 642; Irvine v. Grady, 85 Tex. 120, 19 S. W. 1028. No objection was made to the introduction in evidence of the tax receipts, so far as is shown by the briefs, nor does it appear that no other evidence was introduced to show such payment. The assignment is overruled.

[3] It appears from the court's findings that the defendant Mrs. Comer was one of the children of S. A. Miller, the grantee in the tax deed, who was dead, and one of the distributors of his estate, and that after Miller's death, "and about August 17, 1897, his estate was partitioned among his several heirs by partition deed, and the land in controversy described by said tax deed was conveyed by the other heirs of S. A. Miller to one of his heirs, to wit, Amelia Miller, who is now the defendant Mrs. C. C. Comer, and that said deed was duly registered in Chambers county on September 4, 1911." This was after the institution of this suit. The actual possession of the land upon which the limitation claim is based began in October, 1904. The suit was begun June 5, 1911. By appropriate assignments of error appellants present the contention that under the facts stated, except as to her distributive interest as one of the heirs of S. A. Miller (either one-sixth or one-eighth), Mrs. Comer could not prescribe under the deed to Miller, which was duly registered in 1881; but that, as to the remainder of the tract, she held title under the deed from the other heirs, which was not registered until after this suit was filed, from which the legal conclusion is asserted that, except as to her distributive share, her possession was not under a registered deed as required by the five-years statute.

We think this case falls within the general principle which was relied on in the case of McLavy v. Jones, 31 Tex. Civ. App. 354, 72 S. W. 407, decided by this court, the opinion being by Chief Justice Garrett. Writ of error was denied by the Supreme Court. Stated generally, the facts in that case were as follows: The land in controversy was part of the estate of Byrd Eastham, who died leaving a widow, who was his executrix without bond with power to sell real estate, etc., and several children, among them Mrs. Jones, the appellee. The deed of the land in controversy to Byrd Eastham was recorded in 1878. He died in 1883. By his will Eastham devised one half of his estate as community property to his widow, and the other half, share and share alike, to his children. On August 17, 1886, the probate court approved a report of partition filed in the estate by the executrix, setting apart to Mrs.

Jones the land in controversy, and ordered that all the right, title, and interest of the other heirs in and to said land be divested out of them and be vested in her, and that the executrix deliver the same to her as her share of the estate. About March 1, 1886, the executrix took possession of this tract by tenant. This tenant so held possession until the land was set apart to Mrs. Jones, when he continued to hold it for her until 1897. The taxes were paid up to 1886 by the estate, and from 1886 to 1897 by Mrs. Jones. We quote from the opinion: "We are of the opinion that the plea of the statute of five-years limitation was sustained by the evidence. Byrd Eastham claimed the land under a deed duly acknowledged and recorded. The deed was dated February 14, 1876, and was filed for record May 29, 1876. Payment of taxes by him was shown to have been made from 1880 to his death, and by his executrix to 1886, when the land was set apart to his heir and devisee, the defendant Helen M. Jones, as a part of her share of the estate. The taxes were shown to have been paid by the defendants from 1886 to 1897, inclusive. Possession under the deed to Byrd Eastham was commenced by his executrix March 1, 1886, and on August 17, 1886, the date of the order of the probate court, it was commenced by the defendants, and continued for more than ten years, accompanied by payment of taxes. Helen M. Jones, as the heir and devisee of Byrd Eastham, could prescribe under the deed to him without regard to the order of the probate court. Motley v. Corn (Tex. Sup.) 11 S. W. 850; Carothers v. Covington, 27 S. W. 1040; Foster v. Johnson, 89 Tex. 640, 36 S. W. 67; Fossett v. McMahan, 74 Tex. 546, 12 S. W. 324; Olive v. Bevil, 55 Tex. 423; Cochrane v. Farris, 18 Tex. 850. The purpose of the statute requiring possession under a recorded deed is to give notice of the character of the adverse possession, and it must be such as is required in the registration of deeds, and the right of the party in possession to prescribe may be derived from a deed to a predecessor in title in privity with whom he holds."

The court in the opinion recognizes fully the doctrine of the cases cited by appellant. (Sorley v. Matlock, 79 Tex. 306, 15 S. W. 261; Porter v. Chronister, 58 Tex. 56, and others) but in distinguishing the case under consideration proceeds: "Helen M. Jones was the heir and devisee of Byrd Eastham. As such she took the legal title by devise and inheritance. The will disposed of the property in accordance with the statute of descent and distribution, but this fact does not affect the principle involved, as the will is not such a muniment of title as is required by the law of registration to be recorded in the record of deeds."

There are only two grounds upon which this case can be distinguished from the present case. And those are the possession of the executrix prior to the partition, and the fact that the partition in that case was made in probate proceedings, while in the present case it was done by a deed of the other heirs to Mrs. Comer. So far as this prior possession is concerned the court seems to lay no stress upon it. The law has no regard to any possession except that which is held during the five years necessary to create the bar. The possession prior or subsequent to that is of no importance. We think it clear from the reasons given in the opinion that it would have made no difference if the first possession had been by Mrs. Jones after the property was set apart to her in the partition. As to the other point of difference, we do not think the case can be distinguished on that ground. Equally in that case as in this it might be said that Mrs. Jones only held her distributive interest as one of the heirs and devisees under the will, under the recorded deed to Byrd Eastham, and that as to the distributive interest of the other heirs, after the partition and when she took possession, she held under the partition decree. The law makes no concession in the matter of a claim of title under the five-years statute to one who claims under some title which is not capable of registration, if the partition decree comes within that class. He must hold under a registered deed. An equitable title, good against the world but not capable of registration, cannot be made the basis of prescription. The court held that in that case the registered deed to Byrd Eastham was sufficient basis for Mrs. Jones' claim under the five-years statute to the entire tract. By the same reasoning, we are unable to see why the registered deed to S. A. Miller, Mrs. Comer's father, in privity with whom she claims to exactly the same extent that Mrs. Jones claimed in privity with Byrd Eastham, her father, would not afford lawful basis for prescription under the statute. So far as the notice to appellants is concerned, and that is the purpose of this requirement, we think Mrs. Comer's possession, the fact that she was one of the heirs of S. A. Miller, together with the record of the deed to Miller and payment of taxes, afforded appellants all the notice required by the statute. We are of the opinion that the court did not err in the matter complained of in the assignment referred to.

[4, 5] S. A. Miller was administrator of the estate of Elias Griswold. In 1874 all of the property of the estate was partitioned by the probate court among his heirs, except a claim to 640 acres of land in Madison county, and the administration was kept open, and the court retained jurisdiction of the estate in order to litigate such claim. Thereafter in 1876, acting under the order of the court, the administrator sold this Madison county land. In 1877 the administrator filed in said court his application for final discharge. All of the records of said court were destroyed by fire in 1885. In the partition of

all the property of the estate in 1874, the tract of land in question was set apart to Ambrose Griswold. The plaintiffs are his heirs. The court did not err in finding from the above facts that the administration had been closed before 1881, when Miller bought the land in controversy, and that no fiduciary relation existed between Miller and the heirs that would prevent his buying this property at tax sale. The facts present a different and a much stronger case than a mere absence of any action taken in the administration. The affirmative facts that all of the property was partitioned in 1874, except the claim to the Madison county land, which was sold in 1876, leaving nothing farther to be done in the administration, followed by the filing of the application to be discharged by the administrator in 1877, in view of the further fact that the destruction of the records in 1885, rendering it impossible to furnish by the records proof of that fact, afforded sufficient grounds for the finding that such application was acted upon and the administration closed. Obviously this was the proper, and the only proper, thing to do. But the right of Miller to buy does not depend upon this. Whether the administration was closed and the administrator discharged, as found, or not, all the property of the estate was partitioned among the heirs in 1874, and the land in controversy was then set apart to Ambrose Griswold. By this act this property ceased to be the property of the estate. The administrator ceased to have any control over it, or the probate court to have any further jurisdiction of it. Henderson v. Lindley, 75 Tex. 185 [12 S. W. 979]. Having no control over the property, it was not the duty of the administrator to pay the taxes, or to do anything to protect the rights of the owner, whose absolute property it had become. So far as Miller was concerned, even if the administration had not been closed, he stood in no other relation to this property than he did to any other property belonging to Ambrose Griswold. Owing the owner no duty which the law could recognize in the matter, he had the same right to buy this property as any one else. There was no fraud, no concealment of any fact on his part. Miller had nothing to do with its being offered for sale, which was done by a public officer in the discharge of his lawful duty. "There is an exception to the general rule that one who occupies a fiduciary relation may not lawfully purchase the property of his correlate for his own benefit, as well established as the rule itself. It is that an agent or trustee may lawfully buy the property of his principal or cestui que trust at a judicial sale caused by a third party which he has no part in procuring and over which he can exercise no control." 39 Cyc. 185. But it is not necessary to invoke this principle in the present case. Under no view of the facts did Miller occupy towards the owner of this property, at the time of the tax sale or with regard to the tax sale, any fiduciary or trust relation whatever. What we have said disposes of the questions presented by the fourth, fifth, sixth, and seventh assignments of error, and the several propositions thereunder, which are overruled.

[6] The eighth assignment of error is without merit. There was no concealment by appellees of any fact with regard to their claim of title. The tax sale was publicly made, and the tax deed promptly recorded. Certainly there is not a hint of fraud. No purpose to conceal her claim of ownership by Mrs. Comer can be inferred from the fact that she did not put her leases on record, under which the lessees inclosed the land and took actual possession. Nor from the fact that she did not put on record the partition deed. Certainly the facts show that the slightest diligence on the part of appellants would have enabled them to learn of this adverse claim, and of its active assertion.

[7] It is not necessary, to enable appellee to prescribe under the tax deed, that she should show that all of the prerequisites of the law had been complied with in making the sale. In such case she would not need to have resorted to the statute of limitation. The deed was sufficient to afford a basis for the claim under the statute as a registered deed. Schleicher v. Gatlan, 85 Tex. 273, 20 S. W. 120.

[8] The evidence was amply sufficient to show such adverse possession, use, and enjoyment in appellee, through her tenant, from October, 1904, up to the filing of the suit in April, 1911, as to fulfill the requirements of the statute. Such possession and use consisted in fencing the land and using it for a pasture for live stock, such use being continuous and exclusive and, without dispute, visible and notorious. There is no merit in the tenth assignment of error, complaining of the insufficiency of the evidence to support the claim under the statute.

We have carefully examined the several assignments of error, together with the propositions thereunder, and conclude that none of them presents any grounds for reversal. The judgment is therefore affirmed.

Affirmed.

### On Motion for Rehearing.

In our original opinion it is stated that none of the cases cited in the brief of appellants, to support their contention that the deed from the tax collector to S. A. Miller was insufficient as a basis for prescription under the five-years statute of limitation, are based upon a deed in which there is a full description of the land by metes and bounds, as in the Miller deed, and this is true. However, in their motion for rehearing they cite the case of McDonald v. Hamblen, 78 Tex. 628, 14 S. W. 1042, in which the land sued for was described as a part of the George A. Campbell survey. It was, in fact,

part of a tract patented to De Cordova, assignee of Campbell. The tax deed described the land as a part of the R. A. Campbell survey, giving also metes and bounds. No objection was made to the description of the survey by giving the name of the original grantee of the certificate, but the objection was that the name of the survey was given as the R. A. Campbell instead of the George A. Campbell survey. In the opinion the survey is spoken of as the George A. Campbell survey. This appears to sustain our opinion on the point that the description of the land in the tax deed in the present case as the east half of a survey in the name of George L. Short, the original grantee in the certificate, was sufficient, as far as that part of the description is concerned. The tax deed in the present case further gives the correct abstract number, omits the number of the patent (which it was unnecessary to give) and gives a wrong certificate number. We quote so much of the opinion in the case cited as bears upon the question here presented: "In support of the plea of five-years limitation the defendants offered in evidence a tax deed by John P. Cox, tax collector of Hill county, to W. H. McDonald to 984 acres of land of the R. A. Campbell survey, and describing the land by metes and bounds. In connection with this deed it appears that the county map of Hill county was offered to 'show the locality of the George A. Campbell survey and surrounding surveys.' The deed was dated June 4, 1878, and duly registered on the 2d day of April, 1879. The petition was filed May 3, 1886. The plaintiff objected to its introduction, 'first, because it was void on its face, no authority appearing for the execution of the deed; second, because it does not support the plea of limitation, as the description fails to identify the land and is not sufficient to apprise the owner of the land of an invasion thereof by the grantee in the tax deed.' The court sustained the second objection and excluded the deed and the map. This is assigned as error. The assignment is not well made. The deed shows on its face that the tract of land against which the assessment was made, and which was sold to pay said assessment, was a different tract of land from that sued for. The deed recites that the land assessed was 984 acres of the R. A. Campbell survey, and the land which the field notes described as conveyed is a part of the said Campbell survey. The land sued for is a part of the George A. Campbell one-third league."

[9] It is not contended that the fact that it was not shown that the prerequisites of the statute were not complied with by the tax collector would be a valid objection to the deed as a basis of prescription under the five-years statute. Schleicher v. Gatlin, 85 Tex. 270, 20 S. W. 120. One of the conditions for the acquisition of title under the statute is that the party setting up such title must have been in adverse possession for that length of time, "claiming under a deed or deeds duly registered." It is not necessary that the deed convey good title (Hunton v. Nichols, 55 Tex. 217), but the deed must describe the land with sufficient certainty to identify it. Murphy v. Welder, 58 Tex. 235. A description of land in a deed otherwise identifying it is not vitiated by a mistake in giving the number of the certificate. Stout v. Taul, 71 Tex. 438, 9 S. W. 329.

[10] Appellant insists that the case of Arambula v. Sullivan, 80 Tex. 619, 16 S. W. 43, cited by us, has no analogy to the present case. It was cited merely in support of the general and well-settled rule in the construction of deeds that "where by rejection of a false and impossible part of a description which is repugnant to the general intention of the instrument a perfect description will remain, the false part should be rejected and effect given to the deed." 13 Cyc. 630. The general principle is thus stated in Smith v. Chatham, 14 Tex. 328: "Counsel do not differ as to the law applicable to this question; but only as to its application. It is ingeniously, and very justly, admitted by counsel for the appellee, that 'there are numerous cases in which it has been decided, that, where the body of the land is sufficiently described to identify it beyond doubt, and control, with sufficient certainty, erroneous particular descriptions, the latter may be rejected, to give effect to the former and uphold the deed.' Such unquestionably is the well-settled law; and, such, we think, is this case. The description identified, beyond doubt, the land actually conveyed to the plaintiff by the sheriff's deed; and the court therefore erred in excluding the evidence."

The deed referred to was a sheriff's deed. See, also, West v. Houston Oil Co., 46 Tex. Civ. App. 102, 102 S. W. 927; Pinckney v. Young, 107 S. W. 622.

Under these well-settled principles we think it requires no further citation of authority to show that the tax deed was, on its face, a sufficient conveyance of the land claimed by appellants to constitute it, when duly recorded, a "registered deed" to this land.

Appellants' main contention is that the registration of the deed was insufficient to give appellants notice that their possession was invaded under this deed. We do not understand by what course of legal reasoning it can be successfully contended that the registration of a deed, which on its face conveyed by definite and accurate description the land of appellants, when accompanied with actual possession and payment of taxes, was not such notice to them as they were entitled to under the statute, whether it be a tax deed or one voluntarily made by the grantor. If this deed, describing the land exactly as it is described, had been by a stranger to the title, who had not title, to appellee, and had been duly registered, we think it would hardly be contended that it would not have af-

forded a basis for prescription under the statute of limitation of five years, on the ground that the registration did not afford notice to the owner. The tax deed in this case, by field notes giving the metes and bounds, definitely and accurately described a tract of land which is, in fact, the east half of the 640-acres patented to Elias Griswold, assignee of George L. Short, and, under well-settled rules of construction of deeds, was, on its face, and not by reference to anything extrinsic of the contents of the deed, as stated in Brokel v. McKechnie, 69 Tex. 32, 6 S. W. 623, a deed to the land claimed by appellants. It was duly registered and we think satisfied this condition of the statute. Appellants have urged their contention of this point with so much earnestness that we have thought proper to state our views more fully.